UNITED STATES

v.

**Staff Sergeant Joseph C. BRITTON, III,**
**FR 057–46–2614, United States**
**Air Force.**

**ACM 24948.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 Feb. 1985.

Decided 6 March 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Deborah J. Hudspeth and Major Francis T. Lacey, USAF.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Marc Van Nuys.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

DECISION

MURDOCK, Judge:

This case illustrates some of the pitfalls lurking in the new Rules for Courts-Martial concerning speedy trial and government appeals. Appellant was originally tried by special court-martial (Britton I) on five charges involving drug offenses, driving while intoxicated, and failure to go. The trial in Britton I was halted when the government chose to appeal, under the provisions of R.C.M. 908, a ruling affecting three of the five charges. One month after the R.C.M. 908 appeal process began, the convening authority withdrew the two charges which were not involved in that appeal. On that same day those two charges and three new charges were preferred and sent to an Article 32, U.C.M.J., 10 U.S.C. § 832, pretrial investigation. That investigation led to the present general court-martial (Britton II) which convened more than 120 days after the appellant was notified of the charges in Britton I. The appellant asserts he was denied a speedy trial on the charges which began with Britton I and were finally tried at Britton II. We agree.

The appellant was notified of the charges against him in Britton I on 14 September 1984. He was brought to trial on 11 October 1984. On 12 October, the military judge made the ruling which resulted in the R.C.M. 908 appeal, and two days later, the trial counsel notified the judge of the government's intent to file the appeal. Although the appeal was forwarded as required to the Air Force Appellate Government Division, it had not been filed with the Court of Military Review by the time Britton II began on 30 January 1985.

R.C.M. 707 requires that an accused be brought to trial within 120 days after notice to the accused of preferral of charges or imposition of restraint, whichever is earlier. There was no restraint in this case, so

the important date is the notification of preferral of charges which was 14 September 1984 for the charges in Britton I. This date remains important for those charges which began in Britton I and were later tried in Britton II because they were unaffected by the judge's ruling. R.C.M. 908(b)(4). Similarly, the date remained critical when the convening authority withdrew these nonappealed charges and that same day (13 November 1984) preferred them again, along with three new charges. While 13 November became the notification date for the new charges, 14 September 1984 remained the notification date for those Britton I charges.

 Charges cannot be updated for purposes of R.C.M. 707 by sleight of hand through withdrawal and immediate re-preferral. The appellant was notified that he was liable to be tried for these offenses on 14 September 1984. Notifying him again two months later does not lessen the effect of having already been under those charges for two months. The appellant was finally brought to trial on 4 February 1985, 143 days after he was notified. Accordingly, the findings of guilty of Specifications 4 and 5 of Charge II and Charge III and its Specification are set aside, and those specifications and Charge III are dismissed. The other errors alleged by the appellant are without merit.

The speedy trial rule of R.C.M. 707 calls for some careful rethinking of old military justice practices such as ordinarily trying all known offenses at the same time. This is no longer suggested by the Manual and, as this case demonstrates, can be risky. R.C.M. 307(c)(4). Practitioners should note that R.C.M. 707(b)(3) specifies that the time to be considered for purposes of the 120 day rule continues to run until either (A) a plea of guilty is entered, or (B) the presentation of evidence on the merits begins. As in this case, these provisions can add several days beyond the beginning of the trial to the time to be considered when applying R.C.M. 707.

We must now reassess the sentence. After our action here, the appellant remains

convicted of two specifications of stealing drugs from an Air Force pharmacy, and one specification of being drunk to the prejudice of good order and discipline. We consider appropriate only so much of the sentence as includes a bad conduct discharge, confinement for one year, forfeiture of $350 per month for twelve months, and reduction to airman basic. The findings of guilty and the sentence, both as modified, are

AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.