**24**

UNITED STATES, Appellant and
Cross-Appellee,

v.

Joseph C. BRITTON, III, Staff Sergeant,
U.S. Air Force, Appellee and
Cross-Appellant.

No. 55,222.
ACM 24948.

U.S. Court of Military Appeals.

April 25, 1988.

For the Accused: *Captain Laurence M. Soybel* (argued); *Colonel Leo L. Sergi* and *Captain Deborah J. Hudspeth* (on brief).

For the United States: *Captain Marc Van Nuys* (argued); *Colonel Kenneth R. Rengert, Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni* (on brief).

*Opinion of the Court*

COX, Judge:

The Judge Advocate General of the Air Force certified the following questions for our consideration: [1]

**I**

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED IN DISMISSING SPECIFICATIONS 4 AND 5 OF CHARGE II AND CHARGE III AND ITS SPECIFICATION FOR DENIAL OF A SPEEDY TRIAL UNDER R.C.M. 707 WHERE THE ACCUSED MADE NO MOTION AT ANY POINT IN THE TRIAL TO DISMISS THE OFFENSES FOR DENIAL OF A SPEEDY TRIAL AND THEREFORE WAIVED THE ISSUE.

**II**

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW IN DISMISSING SPECIFICATIONS 4 AND 5 OF CHARGE II AND CHARGE III AND ITS SPECIFICATION FOR DENIAL OF A SPEEDY TRIAL BY HOLDING THAT WITHDRAWAL AND REPREFERRAL OF CHARGES, DONE FOR A PROPER REASON, DID NOT AMOUNT TO A REINSTITUTION OF CHARGES UNDER R.C.M. 707(b)(2) WHICH WOULD BEGIN THE RUN-

---

1. The accused has cross-petitioned for relief from the same two specifications. We granted that petition in part. 24 M.J. 75.

NING OF THE 120 DAY PERIOD AS OF THE DATE OF REPREFERRAL, AND BY BASING ITS RATIONALE IN PART ON A THEORY THAT THE MANUAL FOR COURTS–MARTIAL DOES NOT FAVOR TRYING ALL KNOWN OFFENSES AT ONE TIME.

Five charges involving conspiracy, drug offenses, driving while intoxicated resulting in injuries, disobedience of an order, and failure to go were preferred against the accused on September 14, 1984. These charges were referred to a special court-martial, and the trial began on October 11, 1984. On October 12, the military judge made rulings which affected the Government's ability to proceed on three of the charges, and the Government elected to appeal [2] those rulings pursuant to Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, and R.C.M. 908, Manual for Courts-Martial, United States, 1984.

While the Government's appeal was pending, additional offenses came to light. On November 13, 1984, the convening authority withdrew the two unaffected charges [3] from the special court-martial; three new charges were then preferred; and a pretrial investigation was ordered under Article 32, UCMJ, 10 U.S.C. § 832, on the five charges. On January 10, 1985, the charges were referred to a general court-martial and the accused was brought to trial on February 4, 1985, 143 days after the two original charges had been preferred prior to the convening of the special court-martial. No motion to dismiss these charges was made by the defense at trial.

On appeal, the Court of Military Review dismissed the two original charges (drug offenses and failure to go) for lack of speedy trial, stating that "[t]his case illustrates some of the pitfalls lurking in the new Rules for Courts-Martial concerning speedy trial and government appeals." 22 M.J. 501, 502 (1986).

The ruling below focuses our attention on the interplay between R.C.M. 707(b)(2), 707(b)(4), and 707(c).

R.C.M. 707(b) states:

\* \* \* \* \* \*

(2) *Inception.* If charges are dismissed, if a mistrial is granted, or—when no charges are pending—if the accused is released from pretrial restraint for a significant period, the time under this rule shall run only from the date on which charges or restraint are reinstituted.

\* \* \* \* \* \*

(4) *Multiple charges.* When charges are preferred at different times, the inception for each shall be determined from the date on which the accused was notified of preferral or on which restraint was imposed on the basis of that offense.

R.C.M. 707(c) states:

*Exclusions.* The following periods shall be excluded when determining whether the period in subsection (a) of this rule has run—

(1) Any periods of delay resulting from other proceedings in the case, including:

\* \* \* \* \* \*

(D) Any appeal filed under R.C.M. 908 unless it is determined that the appeal was filed solely for the purpose of delay with the knowledge that it was totally frivolous and without merit; ...

The issue of lack of speedy trial was raised for the first time on appeal to the Court of Military Review. The Government contested the accused's position, asserting that the question had been waived because no motion was made at trial to dismiss the affected charges. R.C.M. 905(e) and 907(b)(2)(A). Without addressing the issue of waiver, the court below dismissed the earlier charges, holding that withdrawal was not a condition under R.C.M. 707(b) which would cause the speedy-trial clock to start anew upon the reinstatement of the charges. The court

---

**2.** However, this appeal was never actually filed with the Court of Military Review.

**3.** These charges are unrelated to the three affected charges.

held that the charges from *Britton I* dated from the date the accused was originally notified of those charges and that R.C.M. 707 had been violated, so the court dismissed specifications 4 and 5 of Charge II and Charge III and its specification.

We will address the certified issues in reverse order. In the second issue, the Government asks us to interpret R.C.M. 707 to permit speedy-trial computations to begin anew under circumstances where charges are withdrawn from one court-martial and referred to another, except in those cases where the military judge finds that the action has been taken to circumvent R.C.M. 707. The Government likens withdrawal of charges and subsequent "re-preferral" to R.C.M. 707(b)(2), which starts the speedy-trial clock anew if charges are dismissed and then reinstituted.

There are substantial differences between the three conditions listed in R.C.M. 707(b)(2) (dismissal, mistrial, release from pretrial confinement) and withdrawal of charges. Dismissal, mistrial, and a break in pretrial restraint all contemplate that the accused no longer faces charges, that conditions on liberty and pretrial restraint are lifted, and that he is returned to full-time duty with full rights as accorded to all other servicemembers. Reinstitution of charges requires the command to start over. The charges must be re-preferred, investigated, and referred in accordance with the Rules for Courts-Martial, as though there were no previous charges or proceedings.

On the other hand, R.C.M. 604(a) authorizes a convening authority or other superior competent authority to withdraw charges from court-martial proceedings at any time prior to the announcement of findings. R.C.M. 604(b) authorizes referral of the withdrawn charges to another court-martial, unless the withdrawal was for an improper reason. However, the discussion of R.C.M. 604(a) is important to note. It states:

Charges which are withdrawn from a court-martial should be dismissed (*see* R.C.M. 401(c)(1)) unless it is intended to refer them anew promptly or to forward them to another authority for disposition.

Thus, the rule contemplates that an additional affirmative action will be taken by the convening authority after he withdraws charges.

■ Here, the convening authority did not act to dismiss. Rather, his withdrawal and re-preferral on the same day shows that his intent was not to dismiss the charges at all. The accused remained under the same constraints imposed when *Britton I* was preferred. Unless a convening authority acts to dismiss the withdrawn charges, R.C.M. 707(b)(2) does not apply, and the speedy-trial clock continues to run. In this instance, the charges carried over from *Britton I* are controlled by R.C.M. 707(b)(4), and the speedy-trial clock began to run on September 14, 1984, when the accused was originally notified of preferral of those charges.[4]

Having decided that R.C.M. 707 requires dismissal of the affected charges and specifications, we next turn to the issue of whether the accused waived his right by his lack of a timely motion to dismiss. The Government contends that the Court of Military Review, by its failure to discuss the issue of waiver in its opinion and to apply waiver in this case, disregarded clear legal mandates and thus erred as a matter of law.

■ A Court of Military Review "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and in fact and determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ, 10 U.S.C. § 866(c). This congressional charter gives the Court of Military Review ample authority on which to base its decision in this case. While this

---

**4.** We do not here decide whether R.C.M. 707(c) would have had the effect of excluding time caused by an interlocutory appeal if the unaffected charges had been related to the affected charges.

Court may well agree with the Government that the accused's failure to move in a timely manner for dismissal of the charges and specifications constituted waiver of the speedy-trial issue, such a finding by the Court of Military Review is not mandated as a matter of law. R.C.M. 907(b)(2). Whether a speedy trial has been waived is a mixed question of law and fact. *Cf. United States v. Fisher*, 21 M.J. 327 (C.M. A.1986) (plain error). Although the question of waiver was not discussed by the Court of Military Review in its opinion below, the issue was fully briefed by both the defense and the Government, and relief was granted notwithstanding the Government's contention that the issue had been waived.

5. This decision moots the cross-petition.

Accordingly, while it is the general rule that failure to make a timely motion at trial *may* estop one from raising the issue on appeal, failure to raise the issue does not preclude the Court of Military Review in the exercise of its powers from granting relief.

The certified questions are answered in the negative.[5]

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (dissenting):

I would remand this case to the Court of Military Review for an express determination of the waiver issue.