UNITED STATES

v.

Damon MUCTHISON, 128 56 7735, Disbursing Clerk Third Class (E–4), U.S. Navy.

NMCM 87 3982.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 8 July 1987.

Decided 28 July 1989.

Maj. J.B. Gilbert, USMC, Appellate Defense Counsel.

Maj. J.L. Powers, USMC, Appellate Defense Counsel.

Lt. Eralides E. Cabrera, JAGC, USNR, Appellate Government Counsel.

Before RILEY, Senior Judge, and MIELCZARSKI and ALBERTSON, JJ.

PER CURIAM:

Appellant was tried *in absentia* by a general court-martial composed of officer and enlisted members. After convicting appellant of stealing $2,674.00 total from the U.S. Government in four separate incidents,[1] they sentenced him to a bad-conduct discharge, confinement for 2 years, reduction to pay grade E–1, a fine of $4,000.00 and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged.

The question presented on appeal is whether the trial judge erred when he ruled that appellant had received a speedy trial.

Prior to ruling against appellant's speedy trial motion, the trial judge found the following facts:

1. On 23 May 1986 the accused was confined in the brig at Norfolk, Virginia.

2. On 30 May 1986 charges were preferred against the accused and received by his command tolling the statute of limitations.

3. On 10 June 1986 the accused was released from confinement in the brig and was thereafter under no pretrial restraint in connection with this case.

5. On 10 June 1986, or shortly thereafter, the charges which had previously been preferred and received by the accused's unit were withdrawn by a document signed by either the legal officer or the executive officer or [sic] the ship.

8. On 2 February 1987, charges were preferred in this case and the accused was informed of those charges.

9. The charges currently before the court are essentially the same offenses as those which were originally preferred.

The military judge then based his ruling that appellant's speedy trial rights were not violated upon the following statement of law:

I find that the charges on the charge sheet dated 30 May 1986 were never pending in this case in the sense in which that term is used in Rule 707 of the Rules for Courts–Martial. The accused was never notified of these charges, or provided with a copy. The charges were never referred to trial, and the charges were withdrawn, using the term loosely, I suppose, simply out of an abundance of caution by the command.

He then concluded:

Consequently, the period of time for which the government is responsible is from 2 February 1987 to the present [26 May 1987]. That is 114 days, with 5 days of delay at the request of the accused, so I get 109 days for which the government is responsible to date.

Rule for Courts–Martial (R.C.M.) 707(b)(2)[2] states:

If charges are dismissed, if a mistrial is granted, or when no charges are pending—if the accused is released from pretrial restraint for a significant period, the time under this rule shall run only from the date on which charges or restraint are reinstituted.

■ Critical to the resolution of this case, therefore, is the recognition of the distinction between the withdrawal of charges and the dismissal of charges. The recognition of this distinction is critical because of the consequences these two actions have on the status of charges, particularly as that status relates to speedy trial considerations, which, in turn, are often dependent upon a determination of whether charges are pending. Rule for Courts–Martial 604 states: "The convening authority or a superior competent authority may for any reason cause any charges or specifications to be *withdrawn* from a court-martial at any time before findings are announced." (Emphasis added). Rule for Courts–Martial 401 authorizes the commander to dismiss the charges and permits further disposition under R.C.M. 306(c). When charges are so dismissed, procedures

---

1. Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. In addition, the members acquitted appellant of seven additional specifications of larceny.

2. Manual for Courts–Martial, United States, 1984.

for reinstituting those charges must be started anew. *United States v. Britton,* 26 M.J. 24, 26 (C.M.A.1988). As explained in the discussion to R.C.M. 604, "Charges which are withdrawn from a court-martial should be dismissed (*see* R.C.M. 401(c)(1)) unless it is intended to refer them anew promptly or to forward them to another authority for disposition." In other words, unless the charges are dismissed, charges remain pending even though they have been withdrawn from a particular forum.[3] Charges are pending once they have been preferred. *United States v. Gray,* 26 M.J. 16 (C.M.A.1988). The only way charges can be "un-preferred" is for the convening authority to dismiss them. R.C.M. 401. Withdrawal from a court-martial and re-preferral of charges is not tantamount to a dismissal. *See Britton,* 26 M.J. 24. Thus, R.C.M. 707(b)(2) does not apply when charges have been withdrawn.

█ Through the collective testimony of the ship's executive officer, the Naval Investigative Service Agent, the ship's legal officer, and judge advocates at the Naval Legal Service Office, all of whom were advising the convening authority, it is clear that the Government was trying to stop the speedy trial clock because of the realization that it would take several months to marshal the evidence needed for successful prosecution. The convening authority's "withdrawal" of charges was not a withdrawal in the legal sense; it was actually more of an attempt to create a "limbo" status for these charges until such time as the prosecution was prepared to present its case-in-chief. The charges had neither been referred to an Article 32, UCMJ, investigation, nor a court-martial. Nothing existed from which the charges could have been withdrawn, and the record is completely devoid of any evidence that the convening authority actually dismissed the charges. In fact, the evidence strongly indicates that it was either the executive officer or the legal officer who made the decision to "withdraw," a decision not within their authority.

"When the defense moves to dismiss for lack of speedy trial, the burden of persuasion is on the Government to justify the delay. It is, therefore, incumbent upon the Government to make a proper record." *United States v. Cook,* 27 M.J. 212, 215 (C.M.A.1988). In this case, every witness on this point testified that the convening authority "withdrew" the charges, which is meaningless in context, as we have noted, because the charges had not yet been referred to a court-martial. No one testified that the charges had been dismissed. The withdrawal letter was never entered into evidence, nor was it produced pursuant to a defense discovery request. Additionally, the specifications were not lined out as recommended by the discussion to R.C.M. 401(c)(1). In short, the Government completely failed to carry its burden. The charges had not been dismissed; no mistrial had been granted. Because charges were in fact pending when the appellant was released from pretrial confinement, the speedy trial clock continued to run from 23 May 1986, the date of appellant's initial pretrial confinement, and continued until the date of trial. The clock was neither stopped nor reset. Thus, the appellant was brought to trial after 120 days had elapsed, and was denied a speedy trial. R.C.M. 707(a), (b)(1). Accordingly, we find that the military judge erred as a matter of law when he found that charges were never pending until 2 February 1987.

The findings of guilty are set aside and the charge and specifications are dismissed. All rights, privileges, and property of which appellant has been deprived shall be restored.

RILEY, Senior Judge, and MIELCZARSKI and ALBERTSON, JJ., concur.

3. Another reason for the parties to be aware of the distinction between dismissal and withdrawal of charges is the critical effect each has on the statute of limitations, *i.e.,* the statute of limitations is no longer tolled when charges are dismissed while the contrary is true if withdrawal has occurred.