UNITED STATES, Appellee,

v.

**Staff Sergeant Barry N. HAYES, 406–98–2805, United States Army, Appellant.**

**ACMR 9200237.**

U.S. Army Court of Military Review.

21 June 1993.

---

For Appellant: Thomas E. Clay, Esquire (argued), Major Fran W. Walterhouse, JAGC, Captain David L. Thomas, JAGC (on brief).

For Appellee: Captain John P. Saunders, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC (on brief).

Before WERNER, GRAVELLE and DELLÓRTO, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial consisting of officer and enlisted members, of disobeying a general regulation and rape, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 920 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for two years, and reduction to Specialist E4. The convening authority, in conformity with Article 58a, UCMJ, also ordered the reduction of the appellant to Private E1.

The appellant asserts that the government denied him a speedy trial by failing to bring him to trial within 120 days as required by Rule for Courts–Martial 707.[1] We disagree.

After preferral of charges and completion of the pretrial investigation mandated by Article 32, UCMJ, the special court-martial convening authority recommended trial by general court-martial. However, before submission of the case to the general court-martial convening authority for his referral decision, it became apparent that the laboratory testing of deoxyribonucleic acid (DNA) evidence in the case would not be accomplished within 120 days of preferral of the charges. Because the government planned to use the DNA test results as evidence at trial, the trial counsel recommended to the special court-martial convening authority that he dismiss all charges "without prejudice," anticipating later repreferral once the DNA test results became available. The special court-martial convening authority followed the trial counsel's recommendation and dismissed the charges eighty-six days after their preferral. Because of an oversight, the docu-

1. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 707 [hereinafter R.C.M.].

ment dismissing the charges signed by the convening authority omitted one of the charges, which alleged adultery. After the DNA test results eventually became available in mid-November 1991, the charges were repreferred on 10 January 1992.[2] This repreferral occurred 179 days after preferral of the original charges and ninety-three days after their dismissal. The appellant was thereafter "brought to trial" within the meaning of R.C.M. 707 198 days after the charges were originally preferred and nineteen days after the charges were repreferred.

At trial, the appellant moved to dismiss the charges because of a violation of R.C.M. 707, which requires that an accused shall be brought to trial within 120 days after preferral of charges.[3] Neither the government nor the defense presented any witnesses on the motion. Instead, the government presented pretrial documents, including the trial counsel's memorandum recommending dismissal of the charges and the special court-martial convening authority's decision memorandum dismissing the charges.

After reviewing written pleadings filed by the contending parties and the documentary evidence, the military judge dismissed the adultery charge because of a violation of the 120-day rule due to the convening authority's failure through oversight to dismiss this particular charge. The military judge reasoned that the time had continued to run on this charge from the date of the original preferral of charges 197 days before. However, he found no violation of R.C.M. 707 regarding the remaining charges. The military judge found: (1) that the convening authority's action in dismissing the charges was for the purpose of seeking additional evidence; (2) that R.C.M. 707 authorized the Government to seek delays from the convening authority for good

cause; (3) that such periods of delay to seek additional evidence were excludable from the 120-day period and that such a delay would have been appropriate in this case; (4) that dismissal here was error but that the dismissal was tantamount to granting a delay for good cause; (5) that under R.C.M. 707, repreferral of charges begins the period of accountability anew; and, (6) that no prejudice to the accused had been shown. Therefore, he denied the appellant's speedy trial motion with respect to the rape and regulatory violation charges.

■ Before this court, the appellant asserts the military judge erred in not dismissing all charges.[4] Specifically, the appellate defense counsel argues that the government's evidentiary problems are not "good cause" and the time should continue running from the date the original charges were preferred. Alternatively, the appellant argues that if the charges were dismissed for good cause, then the speedy trial "clock" should take up where it left off when the government received the DNA test results on 15 November 1991. The appellant argues that, in either event, the government is accountable for more than 120 days, and we must dismiss the charges.

Rule for Courts–Martial 707(a) provides in pertinent part that an accused shall be brought to trial within 120 days after the earlier of preferral of charges, the imposition of restraint under R.C.M. 304(a)(2)–(4), or entry on active duty under R.C.M. 204. Failure to comply with Rule 707 shall result in dismissal of the affected charges. R.C.M. 707(d). An accused is "brought to trial" within the meaning of this rule at the time of arraignment. R.C.M. 707(b)(1).

Rule 707(b)(3) lists those periods of time that may be excluded from the 120-day

---

2. An additional specification of indecent assault was added at this time. The appellant was acquitted of this specification; consequently it is not an issue in this case.

3. Other triggering events for the "120-day rule" (pretrial restraint under R.C.M. 304(a)(2)–(4) and entry onto active duty under R.C.M. 204) are not at issue in this case.

4. In oral argument, the appellate defense counsel agreed that dismissal without prejudice would have been appropriate at trial in this case, and urged this court to apply the same remedy in deciding this case.

time period. Two of these periods are delays approved by the convening authority and dismissal of charges. Regarding delay, all periods of delay approved by the military judge or by the convening authority shall be excluded from determining whether the 120–day period has run. R.C.M. 707(c). Prior to referral, all requests for pretrial delay together with supporting reasons shall be submitted to the convening authority for resolution. R.C.M. 707(c)(1). The decision to grant or deny a reasonable delay is a matter within the sole discretion of the convening authority, based on the facts and circumstances then and there existing. Rule for Courts–Martial 707(c)(1) Discussion. Reasons for such delay may include "time to secure the availability of the accused, substantial witnesses or other evidence." *Id.* Decisions granting a pretrial delay will be subject to review for abuse of discretion and for reasonableness of the delay. Manual for Courts–Martial, United States, 1984, app. 21, Rule for Courts–Martial 707 analysis (as amended by Change 5, 15 Nov. 1991, at 9).

■ If, however, charges are dismissed, a new 120–day time period shall begin when the accused is in pretrial restraint; or, in other situations shall begin when the charges are repreferred. R.C.M. 707(b)(3)(A). Dismissal of charges requires the command to start over; that is, to reprefer and to reinvestigate the charges. *United States v. Britton*, 26 M.J. 24, 26 (C.M.A.1988); *United States v. Bolado*, 34 M.J. 732, 737 (N.M.C.M.R.1991), *affd*, 36 M.J. 2 (C.M.A.1992) (summary disposition), *cert. denied,* —— U.S. ——, 113 S.Ct. 321, 121 L.Ed.2d 242 (1993). "In no way is the intent to reinstitute charges at a later date inconsistent with an intent to dismiss them

presently." *Bolado*, 34 M.J. at 738. The government is under no burden under the Rules for Courts–Martial to show a proper basis for dismissal of charges. *Id.*

■ We agree with the military judge that the convening authority's dismissal of charges in this particular case was for the purpose of delaying the proceedings to secure additional evidence. The better procedure would have been simply to grant a delay rather than dismiss the charges.[5] However, we cannot say that the convening authority erred in dismissing the charges, given his wide discretion regarding dismissal of charges.

We do not accept the appellate defense counsel's argument that the speedy trial "clock" began running at the point it had left off when the government received the laboratory report regarding the DNA evidence. As we read the plain wording of R.C.M. 707(b)(3)(A), the time begins running anew when charges are repreferred after a dismissal of original charges. Assuming, without deciding, that bad faith and improper reasons may preclude resetting the speedy trial clock to zero in situations such as presented here,[6] we find no bad faith or improper reasons in the case before us. Unlike *United States v. Mickla*, 29 M.J. 749 (A.F.C.M.R.1989), we find that the convening authority had a legitimate reason to delay the proceedings in this case, had he chosen to delay rather than to dismiss the charges. R.C.M. 707 clearly contemplates delay for the purpose of securing additional evidence. Finally, even though appellate defense counsel argued that the appellant was prejudiced by the dismissal process, there was no evidence of prejudice presented to the military judge during the hearing on the motion at trial.[7] In short, we agree with the military

---

5. Because the charges here were dismissed, normally a new pretrial investigation would have been required after repreferral of charges. *United States v. Britton*, 26 M.J. 24, 26 (C.M.A. 1988). No new pretrial investigation was conducted in this case. However, the appellant's failure to object waived the issue in this case. *United States v. Chuculate*, 5 M.J. 143 (C.M.A. 1978); *United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958).

6. *See Bolado,* 34 M.J. at 739 n. 5.

7. The trial defense counsel argued that the appellant had not received recruiting pay during the interim, and that the special court-martial convening authority had limited the appellant's movements when he ordered the appellant to stay away from the prosecutrix. Even if we were to take the defense counsel's argument at face value, we would not find "prejudice" for purposes of speedy trial. *See, e.g., United States*

judge's findings of fact and conclusions of law as set out above, and hold that the government did not violate the appellant's speedy rights under R.C.M. 707.

We have reviewed the remaining issues, including those personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WERNER and Judge DELLÓRTO concur.

*v. Callinan*, 32 M.J. 701, 703–04 (A.F.C.M.R.1991);   *Bolado, id.*, 34 M.J. at 739 note 6.