UNITED STATES

v.

**Titus A. SAMUELS, Sergeant (E–5), U.S. Marine Corps.**

**NMCCA 200600257.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 9 July 2002.

Decided 24 Jan. 2007.

Lt A.M. Souders, JAGC, USNR, Appellate Defense Counsel.

Lt Kyle C. Kneese, JAGC, USNR, Appellate Defense Counsel.

Lt Jessica C. Hudson, JAGC, USNR, Appellate Government Counsel.

LCDR Ian K. Thornhill, JAGC, USN, Appellate Government Counsel.

Before VOLLENWEIDER, Senior Judge, COUCH and DIAZ, Appellate Military Judges.

DIAZ, Judge:

A military judge convicted the appellant, pursuant to his pleas, of adultery, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Contrary to his pleas, that same court-martial composed of officer and enlisted members, convicted the appellant of indecent assault, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The members sentenced the appellant to confinement for nine months, forfeiture of all pay

---

1. The members acquitted the appellant of a separate specification alleging assault consummated by a battery.

and allowances, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority (CA) approved only so much of the sentence as provides for confinement for seven months, forfeiture of $362.50 pay per month for seven months, reduction to pay grade E–1, and a bad-conduct discharge.

We have considered the record of trial, the appellant's two assignments of error, and the Government's response. We conclude that the assigned errors have merit and will provide relief as set forth in our decretal paragraph.

### Denial of Speedy Trial

The appellant contends that the Government denied him his constitutional and regulatory rights to a speedy trial. While we find no violation of the appellant's constitutional rights (and decline to address the issue further), we conclude that the Government failed to bring the appellant to trial on some of the offenses within the 120–day timeframe set forth in RULE FOR COURTS-MARTIAL 707, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.).

R.C.M. 707(a)(1) provides that the accused shall be brought to trial within 120 days of preferral of charges. "A failure to comply with the right to a speedy trial will result in dismissal of the affected charges." R.C.M. 707(d). Dismissal can be with or without prejudice depending on factors such as "the seriousness of the offense; the facts and circumstances of the case that lead to dismissal; the impact of a reprosecution on the administration of justice; and any prejudice to the accused resulting from the denial of a speedy trial." *Id.* We give deference to a military judge's findings of fact on a speedy trial motion unless they are clearly erroneous, but we review *de novo* his legal conclusions. *United States v. Cooper*, 58 M.J. 54, 57 (C.A.A.F.2003).

In this case, the following facts are undisputed:

1. On or about 12 October 2001, the appellant's neighbor went to the military police and gave a sworn statement alleging that the appellant had sexually assaulted her in her home.

2. On or about 16 January 2002, Private First Class [MA] (a member of the appellant's battalion) submitted a statement to investigators alleging that she had engaged in sexual intercourse with the appellant (a married man) and had become pregnant with the appellant's child.

3. On 18 January 2002, the appellant was placed on legal hold pending a special court-martial for these alleged offenses.

4. On 4 February 2002, a single charge and two specifications were preferred against the appellant alleging adultery and indecent assault, in violation of Article 134, UCMJ (hereinafter the "Original Charge").

5. That same day, the appellant's wife submitted a statement to authorities alleging that the appellant had grabbed her by the throat during a domestic dispute.

6. On 5 February 2002, the special court-martial convening authority (SPCMCA) referred the Original Charge to trial by special court-martial. The appellant was served with that charge on the same day.

7. On 7 February 2002, the SPCMCA withdrew the Original Charge and its two specifications in writing. Although the specifications were lined through as is typical when a charge is also to be dismissed, the SPCMCA specifically stated that his intent was to withdraw the Original Charge, and the Government did not argue otherwise at the hearing on the motion.[2]

8. There is no evidence that the appellant was released from legal hold following the SPCMCA's action, although he was allowed twice to take annual leave.

9. On 26 February 2002, charges were again preferred against the appellant. This charge sheet included the two specifications set forth in the Original Charge (denominated as Charge II) and an additional charge alleging a violation of Article 128, 10 U.S.C. § 928, UCMJ (denominated as Charge I), relating to the appellant's alleged

---

2. In fact, at trial the Government essentially conceded that the appellant's R.C.M. 707 rights had been violated, and instead focused its efforts on obtaining a dismissal without prejudice. *See* Appellate Exhibit IV at 3.

assault consummated by a battery against his wife.

10. These charges were investigated pursuant to Article 32, UCMJ, on 30 April 2002, and subsequently referred to trial by general court-martial on 5 June 2002.

11. The appellant was arraigned on 12 June 2002, more than 120–days after the preferral of the Original Charge and its two specifications.

12. The military judge denied the appellant's motion to dismiss based upon an alleged denial of his right to a speedy trial under R.C.M. 707(e). Immediately following his ruling, the military judge suggested to the trial counsel that the SPCMCA should withdraw and dismiss the Original Charge. On 6 July 2002, the SPCMCA purported to do just that.

### Analysis

■ By entering an unconditional plea of guilty to adultery (Specification 2 of Charge II), the appellant waived his right to contest the denial of his speedy trial motion as to that offense. *See* R.C.M. 707(e)(stating that "a plea of guilty which results in a finding of guilty waives any speedy trial issue as to that offense."). The appellant pled not guilty to indecent assault (Specification 1 of Charge II), however, and therefore preserved his right to contest the denial of his speedy trial motion as to that offense.

■ The law is clear that withdrawal of charges does not stop or reset the R.C.M. 707 speedy trial clock. *See United States v. Britton*, 26 M.J. 24, 26 (C.M.A.1988); *United States v. Lorenc*, 30 M.J. 619, 621–22 (N.M.C.M.R.1990); *United States v. Mucthison*, 28 M.J. 1113, 1115 (N.M.C.M.R.1989). However, if the Government dismisses charges in a case where there is no pretrial restraint, a new 120–day clock begins on the date of repreferral or the imposition of restraint. R.C.M. 707(b)(3)(A).

■ The military judge here correctly found that the appellant's arraignment took place more than 120 days after preferral of the Original Charge. Record at 38. He also correctly found that the Original Charge had merely been withdrawn. *Id.* However, the

military judge erred by failing to recognize the legal significance of these facts; i.e., that the Government's re-preferral of charges on 26 February 2002 did not reset the speedy trial clock as to the Original Charge.

"Unless a convening authority acts to dismiss the withdrawn charges, R.C.M. [707(b)(3)] does not apply, and the speedy trial clock continues to run." *Britton*, 26 M.J. at 26 (analyzing predecessor version of R.C.M. 707). In this case, we find that the convening authority withdrew, but did not dismiss, the Original Charge alleging a violation of Article 134, UCMJ. Withdrawal of the Original Charge merely removed it from the special court-martial to which it had been referred, but it did not stop the running of the R.C.M. 707 speedy trial clock. *Id.*

We recognize (as the Government urges in its brief) that we may look beyond the words used by the CA to determine whether an action functionally styled as a "withdrawal" was in fact a dismissal of charges. *See, e.g., United States v. Bolado*, 34 M.J. 732, 737–38 (N.M.C.M.R.1991); *Lorenc*, 30 M.J. at 620–23 (both concluding that the CA properly dismissed charges where (1) there had been substantial compliance with the Rules for Courts–Martial; (2) the intent to dismiss was clear; (3) the CA's conduct was consistent with a dismissal; and (4) the dismissal was done for a proper purpose). We do not believe it appropriate to apply that concept here, however, because (1) there was not substantial compliance with the applicable rules; (2) the SPCMCA's intent to withdraw (and not dismiss) the Original Charge is clear on this record; and (3) the SPCMCA's conduct was not consistent with a dismissal.

Accordingly, we conclude that the SPCMCA withdrew the Original Charge on 7 February 2002. He then re-preferred the identical charge on 26 February 2002, along with an additional charge alleging a violation of Article 128, UCMJ. These acts did not, however, reset the speedy trial clock as to the Original Charge. Accordingly, as to the Article 134 Charge and its two specifications, the clock began running on 4 February 2002, and it continued running until the appellant's arraignment on 12 June 2002.

This delay exceeded the 120 days allotted by R.C.M. 707. Because the Government did not otherwise provide evidence of excludable delay, the military judge erred in failing to grant the speedy trial motion as to the Original Charge. Accordingly, we will grant relief as set forth below.

### Speedy Post–Trial Review

In his next assignment of error, the appellant contends that he was denied his right to a speedy post-trial review. We agree.

An appellant's right to a timely review extends to the post-trial and appellate process. *See Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 37 (C.A.A.F.2003). This right is embodied in Article 67, UCMJ, 10 U.S.C. § 967, as well as the Due Process Clause of the Fifth Amendment. *See United States v. Moreno*, 63 M.J. 129 (C.A.A.F.2006); *Toohey v. United States*, 60 M.J. 100, 101–02 (C.A.A.F.2004); *Diaz*, 59 M.J. at 37–38.

We consider four factors in determining if post-trial delay violates the appellant's due process rights: (1) the length of the delay, (2) the reasons for the delay, (3) the appellant's assertion of the right to a timely appeal, and (4) prejudice to the appellant. *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F.2005)(citing *Toohey*, 60 M.J. at 102). If the length of the delay itself is not unreasonable, there is no need for further inquiry. If, however, we conclude that the length of the delay is "facially unreasonable," we must balance the length of the delay with the other three factors. *Id.* Moreover, in extreme cases, the delay itself may " 'give rise to a strong presumption of evidentiary prejudice.' " *Id.* (quoting *Toohey*, 60 M.J. at 102).

■ Here, there was a delay of 1067 days (almost 3 years) from the date the sentence was announced until this 297–page record of trial was docketed at our court. We conclude this delay is facially unreasonable, triggering a full due process analysis. *See Moreno*, 63 M.J. at 136; *United States v. Brown*, 62 M.J. 602, 605 (N.M.Ct.Crim.App.2005)(*en banc*).

We next consider the reasons for the delay, including the Government's responsibility for delay, as well as "any factors attributable to an appellant." *United States v.*

*Haney*, 64 M.J. 101, 107 (C.A.A.F.2006)(quoting *Moreno*, 63 M.J. at 136)(internal quotation marks omitted). The SJA insists that the appellant bears significant responsibility for the delay in this case because of his failure to update his home address, which in turn prevented timely service of the relevant post-trial documents. She also argues that the delay was compounded by the failure of the trial defense counsel's office to promptly appoint a successor counsel to represent the appellant post-trial. Even if true, however, we fail to see how these omissions explain why it took the SJA's office 1002 days to prepare and sign the post-trial recommendation, which accounts for virtually all of the delay in this case.

■ We look next to the third and fourth factors. Until he filed his brief in our Court, the appellant had not asserted his right to a timely review. As for prejudice, the appellant makes a generalized claim of harm arising from the fact that he does not have his DD–214. Appellant's Brief of 27 Jun 2006 at 6. Although we find the appellant's vague and unsubstantiated statements insufficient to establish prejudice under a due process analysis, we grant relief for a different reason. More specifically, we find that the unreasonable post-trial delay in this case, when combined with the military judge's error in denying the appellant's motion for speedy trial, makes sentence relief appropriate.

### Conclusion

Because the Government failed to bring the appellant to trial within 120 days as required by R.C.M. 707, we set aside the appellant's conviction for indecent assault under Specification 1 of Charge II. We have considered the relevant factors in Rule 707 as to whether to dismiss this specification with or without prejudice. In that regard, we find that the offense is a serious one, and we also find no evidence of intentional misconduct or malfeasance by the Government. Nevertheless, given the largely unexplained and lengthy post-trial delay in this case (for which the Government does bear responsibility), we find that a retrial of an offense that

allegedly occurred almost five years ago would impact adversely the administration of justice and also prejudice the appellant. Accordingly, we dismiss Specification 1 of Charge II with prejudice.

For the reasons discussed earlier, we affirm the remaining finding of guilty to Specification 2 of Charge II (adultery). We now consider if we can perform sentence reassessment or whether we must return the case to the CA for a rehearing. If we can determine whether "absent the error, the sentence would have been at least of a certain magnitude, then [we] may cure the error by reassessing the sentence instead of ordering a sentence rehearing ... [because a] sentence of that magnitude or less 'will be free of the prejudicial effects of error.'" *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F.2002)(quoting *United States v. Sales*, 22 M.J. 305, 308 (C.M.A.1986)).

With respect to the adultery offense still before us, we note that the appellant, a married non-commissioned officer, impregnated a young private first class, who was also a member of the appellant's battalion. We also recognize, however, that the specification we have dismissed carries with it a sentence to confinement five times that of the adultery specification. MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.), Part IV, ¶ 63(e).

After careful consideration, we conclude that we cannot reliably reassess the appellant's sentence, and thus must remand the case for a rehearing on sentence. *See United States v. Taylor*, 51 M.J. 390, 391 (C.A.A.F.1999)(stating that a conclusion that the sentence would have been "at least of a certain magnitude" must be made with "confidence").

In sum, we affirm the finding of guilty as to Specification 2 of Charge II, but set aside the finding of guilty as to Specification 1 of that Charge and dismiss the specification with prejudice. The sentence is set aside. We return the record to the Judge Advocate General for remand to the convening authority. The convening authority may order a rehearing on sentence, or he may approve a sentence of no punishment. In the event that the convening authority orders a rehearing on sentence (and as an additional remedy for the egregious post-trial delay in this case), any approved confinement may not exceed four months. *See Moreno*, 63 M.J. at 144.

Senior Judge VOLLENWEIDER and Judge COUCH concur.

Judge DIAZ participated in the decision of this case prior to retiring from the Marine Corps Reserves.