STUCKY, Judge,
with whom ERDMANN, Judge, joins (dissenting):
I agree with the majority that the Government may withdraw and reprefer charges for the lawful purpose of “judicial economy” and that the Government demonstrated no nefarious purpose in prosecuting the ease against Appellant. In my view, though, the convening authority’s “withdrawal and dismissal” was too ambiguous to be understood as an effective dismissal. Under the circumstances of this case, the convening authority only accomplished withdrawal.
Where “it is intended to refer [charges] anew promptly,” withdrawal rather than dismissal is appropriate. R.C.M. 604(a) Discussion. The convening authority’s stated purpose of withdrawing charges on September 1, 2011, was “[i]n anticipation of’ possible re-preferral of charges joined by a new charge from the fresh allegation. All his actions support this anticipation of prompt reprefer-ral. Thus, withdrawal was the correct action in this case, and it is not clear that the convening authority intended the separate and distinct action of dismissal.
The factors that this Court identified in United States v. Britton, 26 M.J. 24, 25-26 (C.M.A.1988), indicate that the convening authority only withdrew charges here. First, the convening authority did not clearly act to *371 dismiss the charges. His confluence of “withdraw[ing] and dismissing]” charges indicates that, he did not necessarily acknowledge the difference and the legal effect of the two distinct actions. When the convening authority repreferred charges, he stated they were “to be tried in conjunction with” the first charges, but the new charges were nearly identical to the first setj except for one additional specification. The convening authority’s statement is nonsensical because if the new charges were meant to add on to the first set of charges, they would be duplica-tive; and they could not be tried together with the first set because those had purportedly been withdrawn.
The majority relies upon two facts to show “affirmative action” that the convening authority took: (1) he dismissed charges and (2) Appellant was notified that the original charges were dismissed. United States v. Leahr, 73 M.J. 364, 368 (C.A.A.F. 2014). Each of these facts is mischaraeterized. The convening authority signed a document titled “Withdrawal and Dismissal of Charges Against AST2 Jaason M. Leahr, USCG,” and then he gave a copy of that contradictory document to Appellant. Motion to Dismiss for Lack of Speedy Trial at 3-4, United States v. Leahr, (C.G.C-M.G. Oct. 26, 2011). Neither fact substantiates the claim that the convening authority’s action was clear.
Second, very little time — merely five days, only two of which were business days— passed between withdrawal and repreferral of charges here. This is a longer time than in Britton, 26 M.J. at 26, when charges were withdrawn and repreferred on the same day, but not enough time to determine whether the convening authority had dismissed charges when he withdrew them and clearly “intended to refer them anew promptly.” See R.C.M. 604(a) Discussion.
Third, the accused remained under the same constraints as when the first charges were preferred and he was never returned to full duty status. See Britton, 26 M.J. at 26 (“Dismissal ... contemplate^] that the accused no longer faces charges, that conditions on liberty and pretrial restraint are lifted, and that he is returned to full-time duty with full rights as accorded to all other servicemembers.”). In United States v. Anderson, 50 M.J. 447, 448 (C.A.A.F.1999), the convening authority clearly dismissed charges against an accused, and this Court held that continued imposition of restraint did not undermine that clear action. Here, though, the convening authority took no clear action. Rather, three days before withdrawing charges, the convening authority stated that the conditions on Appellant’s liberty would “continue to apply” (emphasis added). The Government’s argument that a new charge of “grabbing and squeezing [a woman’s] arm,” necessitated imposition of restraint on Appellant — apart from the original charges — is unpersuasive. And rather than being returned to full duty status, Appellant was reassigned on temporary duty to Sector Mobile and assigned to work out of his rating; he did not return to a supervisory role or to his position as a rescue swimmer.
In Britton, we concluded that if a convening authority wants to pursue previously dismissed charges at court-martial, “[t]he charges must be re-preferred, investigated, and referred in accordance with the Rules for Courts-Martial, as though there were no previous charges or proceedings.” Britton, 26 M.J. at 26. In Appellant’s case, preferred, investigated, and referred charges were withdrawn, then repreferred and rere-ferred, but not investigated except for the one additional charge. Britton requires that all three steps must be started anew. 26 M.J. at 26. It is true that an accused may waive this right, see Article 32(e), UCMJ, 10 U.S.C. § 832 (2012), but in this ease it was not “as though” they were new charges for which Appellant waived the Article 32 investigation. Britton, 26 M.J. at 26. On the whole, the analysis of the Britton factors demonstrates that the convening authority accomplished nothing more than withdrawal of charges.
Withdrawal of charges does not reset the speedy trial clock under R.C.M. 707. Because the Government violated Appellant’s rights by bringing him to trial more than 120 days after the original preferral of charges *372 against him, Appellant is entitled to a dismissal of charges. See R.C.M. 707(d). Considering the age of this case, the proper remedy would be to dismiss the charges with prejudice. See United States v. Dooley, 61 M.J. 258, 264 (C.A.A.F.2005) (holding that the military judge did not abuse his discretion in dismissing charges with prejudice under R.C.M. 707(d), in part because reprose-cution would only cause further delay and because the appellant already served his adjudged sentence to confinement, so the Government had diminished interest in reprose-cuting him).
I respectfully dissent.