UNITED STATES, Appellee,

v.

**Jason T. RUFFIN, Aviation Electronics Technician Airman, U.S. Navy,**
Appellant.

No. 97–0789.
Crim.App. No. 95–1373.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 15, 1998.

Decided July 10, 1998.

For Appellant: *Lieutenant Richard A. Rice, Jr.,* JAGC, USNR (argued); *Lieutenant E. Rubiella,* JAGC, USNR (on brief); *Major Michael R. Osborn,* USMC.

For Appellee: *Captain Michael D. Carsten,* USMC (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief); *Major Richard W. Koeneke,* USMC.

*Opinion of the Court*

EFFRON, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of attempted murder, conspiracy to commit murder, aggravated assault, and wrongful discharge of a firearm, in violation of Articles 80, 81, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 881, 928, and 934, respectively. Appellant was sentenced to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority disapproved the finding of guilty of conspiring to commit murder, dismissed that specification, and approved the sentence. The convening authority suspended all confinement in excess of 2 years. The Court of Criminal Appeals set aside the finding of guilty of attempted murder, dismissed that specification and Charge, set aside the sentence, and authorized a rehearing.

On appellant's petition, we granted review of the following issue:

WHETHER THE LOWER COURT ERRED, AS A MATTER OF LAW, WHEN IT DETERMINED THAT THE SPEEDY–TRIAL CLOCK UNDER RCM 707 WAS RESET TO ZERO ON THE DATE APPELLANT WAS RELEASED FROM PRETRIAL RESTRAINT AND RESTARTED ON THE DATE THE GOVERNMENT PREFERRED CHARGES AGAINST APPELLANT, EVEN THOUGH ONLY ONE DAY ELAPSED FROM THE DATE OF AP-

PELLANT'S RELEASE FROM PRETRIAL RESTRAINT AND THE DATE THAT CHARGES WERE PREFERRED.

We hold that the military judge correctly denied appellant's speedy trial motion on the grounds that calculation of the 120–day speedy trial period under RCM 707, Manual for Courts–Martial, United States (1995 ed.), began upon preferral of charges.

## I

There are three primary sources of law concerning the right to a speedy trial. The Sixth Amendment to the Constitution provides that "the accused shall enjoy the right to a speedy and public trial." By statute, Congress has provided in Article 10, UCMJ, 10 USC § 810, that if a person has been placed in arrest or confinement prior to trial, "immediate steps shall be taken" to bring the person to trial. The President has promulgated an additional regulatory provision, RCM 707, which establishes a general requirement to bring an accused to trial within 120 days after the earlier of preferral of charges or the imposition of restraint.

The granted issue in this case involves interpretation of the regulatory provisions of RCM 707 by the military judge and the court below. Neither the statutory speedy trial provisions of Article 10 nor the constitutional right to a speedy trial under the Sixth Amendment are at issue in this appeal.

RCM 707 provides in pertinent part the following:

(a) *In general.* The accused shall be brought to trial within 120 days after the earlier of:

(1) Preferral of charges; [or]

(2) The imposition of restraint under RCM 304(a)(2)-(4)[.]

RCM 707(b)(3)(B) adds:

(B) *Release from restraint* . If the accused is released from pretrial restraint for a significant period, the 120–day time period under this rule shall begin on the earlier of

(i) the date of preferral of charges; [or]

(ii) the date on which restraint under RCM 304(a)(2)-(4) is reimposed[.]

Under subparagraph (b)(3)(B), the Manual distinguishes between a person who is released from pretrial restraint for "a significant period" and a person who is released for less than "a significant period." If the release is for a significant period, the 120–day speedy trial period is reset to begin upon preferral of charges or reimposition of restraint, whichever comes first. If the release is not for a significant period, the release is not taken into account, and the beginning of the 120–day speedy trial period is not reset.

The Drafters' Analysis of RCM 707, Manual, *supra* at A21–41, provides the following explanation:

Subsection (3)(B) clarifies the intent of this portion of the rule. The harm to be avoided is continuous pretrial restraint. *See United States v. Gray*, 21 MJ 1020 (NMCMR 1986). Where an accused is released from pretrial restraint for a substantial period, he will be treated the same as an accused who was not restrained. Therefore, unless the restraint is reimposed, the 120–day time period will run from the date of preferral ... regardless of whether that event occurs before or after the accused was released from restraint.

## II

Appellant was placed in pretrial restriction on December 10, 1993, and released on February 15, 1994. He was not subjected to any further pretrial restraint. Charges were preferred on February 16, 1994, and trial was commenced on August 30, 1994.

At trial, the military judge noted that restraint had not been reimposed following appellant's release from confinement, and she concluded that the calculation of the 120–day speedy trial period should be based upon the date on which charges were preferred, February 16, 1994. After subtracting the periods of excludable delay, the military judge determined that the trial commenced well within the 120–day period provided under RCM 707.

On appeal, appellant does not contest the period of excludable delay, but he contends that the 120–day speedy trial period under

RCM 707 should have been calculated from the date of the initial imposition of restraint on December 10, 1993. Under appellant's calculation, after subtracting the periods of excludable delay, the trial commenced more than 120 days after the imposition of restraint, which violated RCM 707's speedy trial requirement.

Appellant's position is that the time between his release from confinement on February 15 and the preferral of charges on February 16 is not a "significant period" under RCM 707, and it was error for the military judge to reset the speedy trial clock based upon the date of preferral, February 16.

The plain meaning of the Rule does not support appellant's argument. RCM 707(b)(3)(B) expressly permits the 120–day speedy trial period to be reset "[i]f the accused is released from pretrial restraint for a significant period." Appellant was released from pretrial restraint on February 15, 1994, and remained free from pretrial restraint during the entire period prior to his arraignment on August 30, 1994, when he moved to dismiss the charges because of an alleged speedy trial violation. This lengthy period, in which appellant was not subjected to pretrial restraint, constituted "a significant period" within the Rule.

Appellant contends that the Rule should be read to mean that a person who is released from pretrial restraint without reimposition of such restraint, and who is promptly made the subject of charges, must be brought to trial within 120 days after the original imposition of restraint. Appellant notes that, after charges are preferred, a person lives under the cloud of accusation and has an interest in speedy processing of his case.

The President has addressed appellant's concern by requiring trial within 120 days of preferral of charges. The President, however, has not required that the period of any earlier restraint be added to the period after preferral of charges when calculating the 120–day period, regardless of whether a significant period of time elapses between the release from restraint and the preferral of charges. *See United States v. Facey*, 26 MJ 421, 424 (CMA 1988).

The President, in promulgating the current version of RCM 707, has determined that the condition of being under pretrial restraint for more than 120 days, when the time is not interrupted by a "significant period" of release, is more onerous—and deserving of greater protection—than the condition of being under pretrial restraint for less than 120 days followed by preferral of charges after release from restraint. Appellant does not contend that the President is precluded from making such a distinction under either the Sixth Amendment or Article 10, and he has not identified any other authority that would preclude the President from making such a distinction. We decline to interpret RCM 707 in a manner that would remove a distinction provided in the plain meaning of the text.

### III

The decision of the United States Navy–Marine Corps Court of Criminal Appeals ordering a rehearing on sentence is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.