UNITED STATES, Appellee,

v.

Warren B. ANDERSON, Staff Sergeant,
U.S. Marine Corps, Appellant.

No. 98–0092.
Crim.App. No. 96–0467.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 6, 1998.

Decided June 29, 1999.

Sullivan, J., filed opinion concurring in the result.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and GIERKE and EFFRON, JJ., joined. SULLIVAN, J., filed an opinion concurring in the result.

For Appellant: *Major Dale E. Anderson,* USMC (argued).

For Appellee: *Lieutenant Kevin S. Rosenberg,* JAGC, USNR (argued); *Commander D.H. Myers,* JAGC, USN (on brief); *Colonel Charles W. Dorman,* USMC.

Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted in a general court-martial with officer and enlisted members, of sodomy and indecent acts with a child, W. The convening authority approved the sentence of a dishonorable discharge, 10 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. 47 MJ 576 (1997). We granted review of the following issue:

> WHETHER THE LOWER COURT ERRED WHEN IT HELD THAT THE MILITARY JUDGE DID NOT ERR IN DENYING THE DEFENSE MOTION TO DISMISS THE CHARGES FOR LACK OF A SPEEDY TRIAL.

## FACTS

On October 28, 1993, appellant was placed in pretrial confinement after he admitted fondling W. He was released from pretrial confinement on November 2, 1993, and placed on restriction. The indecency charge was preferred on November 8, 1993. The restriction was relaxed to allow unlimited

visits from appellant's wife on February 2, 1994, and then again on February 11, 1994. But appellant remained in restrictive status until a trial on the merits. On August 5, 1994, the original charge was dismissed when W disclosed the sodomy offense for the first time. At that time, defense counsel notified the Government that the defense would not object to additional charges being preferred. When the convening authority was notified, the original charges were withdrawn and dismissed without prejudice to allow an additional investigation into the sodomy allegations.

■ At trial, the defense argued only that the charges should be dismissed because of a violation of RCM 707, Manual for Courts-Martial, United States (1994 ed.). In analyzing this argument, our standard of review is whether the judge abused his discretion in failing to dismiss the charges. *United States v. Hatfield*, 44 MJ 22 (1996).

RCM 707(a) provides for a 120–day speedy-trial rule. The inception of the 120–day period is on the earlier date of "preferral of charges" or "imposition of restraint under R.C.M. 304(a)(2)–(4)."

RCM 707(b)(3) provides for termination of the 120–day speedy trial clock upon dismissal or upon release from restraint. The 120–day clock also stops ticking when "the accused is brought to trial ... [meaning] arraignment under R.C.M. 904." RCM 707(b)(1). However, "[i]f charges are dismissed ... a new 120–day time period under this rule shall begin on the date of dismissal...." RCM 707(b)(3)(A). Certain periods are excludable in determining the 120 days, including "delays approved by a military judge or the convening authority." RCM 707(c).[1]

One hundred twenty-three days elapsed from the date appellant's restraint began until his first arraignment on February 28, 1994. However, appellant concedes the judge correctly excluded 70 days of that time, from November 17, 1993 to January 26,

1994. Final Brief at 4. Thus, as to the first period of time, there is no violation of the 120–day rule.

■ As to the second time period, under RCM 707(b)(3)(A), once charges are dismissed, absent a subterfuge, the speedy-trial clock is restarted. In this instance, the speedy-trial clock was restarted on August 5, 1994. The new clock started on that date, when appellant was still restricted, because charges were not preferred until August 10, 1994. This second speedy-trial clock stopped on the second arraignment, on October 31, 1994. This arraignment took place within 120 days of the dismissal of the original charges and, thus, the delay did not violate the 120–day rule.

We reject appellant's argument that the speedy-trial clock should not be reset after dismissal of the charges. In *United States v. Ruffin*, 48 MJ 211, 212 (1998), we stated:

If the release is for a significant period, the 120–day speedy trial period is reset to begin upon preferral of charges or reimposition of restraint, whichever comes first. If the release is not for a significant period, the release is not taken into account, and the beginning of the 120–day speedy trial period is not reset.

In *Ruffin*, the charges were never dismissed, but were initially preferred one day after Ruffin had been released from restraint. In contrast, in this case, the charges were preferred, dismissed without prejudice, and then re-preferred. *Ruffin* was based on RCM 707(b)(3)(B); this case turns on RCM 707(b)(3)(A).

■ Even though there is continued restraint, a dismissal of the charges stops the 120–day clock and a new 120–day clock is started.[2] Therefore, we hold that as to both periods of time, the trial commenced well within the 120–day period when one provides for the legitimate exclusions.

---

1. In *United States v. Thompson*, 46 MJ 472, 476 (1997), we reserved for another day the question whether the Article 32 officer "stands in the stead of the convening authority when acting on a request for delay."

2. Accordingly, we reject the Government's concession that it violated RCM 707 as to indecent-acts charge. *See* Answer to Final Brief at 4.

Additionally, we have considered the petition for new trial and deny it.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring in the result):

The Government concedes that the speedy-trial requirements of RCM 707, Manual for Courts–Martial, United States, 1984 (1994 edition) were not complied with in this case with respect to Charge II, the indecent-act specification. Counsel states:

### Summary of Argument

Both the Navy–Marine Corps Court of Criminal Appeals and the military judge correctly ruled that the Government did not violate UCMJ, Article 10 in appellant's case. The Government acknowledges, however, that as to Charge II, indecent acts with a female under 16 years old, it did take more than 120 days to bring appellant to trial because, even though the Government dismissed what became Charge II, appellant remained in pretrial restraint. The Government contends that where it complies with UCMJ, Article 10, but violates RCM 707 by taking longer than 120 days to bring an accused to trial, this Court should test for prejudice. After testing for prejudice in appellant's case, this Court should conclude that he was not prejudiced and affirm the lower court's decision.

Answer to Final Brief at 4.

Later on in its brief the Government more particularly addressed this issue:

Therefore, the Government did not violate RCM 707 with respect to Charge I, appellant was not denied a speedy trial on this charge, and his assignment of error as to Charge I is without merit. RCM 707.

The Government is responsible for taking 141 days to try appellant on charge II.[4] Appellant's case presents the peculiar situation where the Government complied with the more rigorous standards of UCMJ, Article 10, yet due to the unique factual circumstances of this case took more than 120 days to try appellant on Charge II.

4. Since appellant remained in continuous pretrial restraint, the 53 days attributable to the Government from October 28, 1994, the day that appellant was placed in pretrial confinement, until his February 28, 1994, arraignment must be added to the 88 days August 5 and October 31, 1994. RCM 707(b)(3).

Answer, *supra* at 10.

The majority summarily rejects this specific concession and affirms on the basis that RCM 707 was generally complied with in this case. It cites *United States v. Ruffin,* 48 MJ 211, 212 (1998). However, in *Ruffin,* we noted:

The Drafters' Analysis of RCM 707, Manual, *supra* at A21–41, provides the following explanation:

Subsection (3)(B) clarifies the intent of this portion of the rule. The harm to be avoided is continuous pretrial restraint. *See United States v. Gray,* 21 MJ 1020 (NMCMR 1986). Where an accused is released from pretrial restraint for a substantial period, he will be treated the same as an accused who was not restrained. Therefore, unless the restraint is reimposed, the 120–day time period will run from the date of preferral ... regardless of whether that event occurs before or after the accused was released from restraint.

### II

Appellant was placed in pretrial restriction on December 10, 1993, and released on February 15, 1994. *He was not subjected to any further pretrial restraint.* Charges were preferred on February 16, 1994, and trial was commenced on August 30, 1994.

(Emphasis added.) We then resolved that case on the basis of RCM 707(b)(3)(B).

Appellant, however, was subject to further pretrial restraint. The court-martial rule being applied in appellant's case by the Government is RCM 707(b)(3)(A). It states:

(3) *Events which affect time periods.*

(A) *Dismissal or mistrial.* If *charges are dismissed,* or if a mistrial is granted, a new *120–day time period under this rule shall begin on the date of dismissal* or

mistrial *for cases in which there is no reprefferal and cases in which the accused is in pretrial restraint.* In all other cases, a new 120–day time period under the rule shall begin on the earlier of

(i) the date of repreferral;

(ii) *the date of imposition of restraint under RCM 304(a)(2)–(4).*

(b) *Release from restraint.* If the accused is released from pretrial restraint for a significant period, the 120–day time period under this rule shall begin on the earlier of

(i) the date of preferral of charges;

(ii) the date on which restraint under RCM 304(a)(2)–(4) is reimposed; or

(iii) the date of entry on active duty under RCM 204.

(Emphasis added.) Unlike *Ruffin,* appellant was not released from pretrial restraint, and the charges were repreferred. The Government considered this a continuous pretrial restraint situation and concluded that RCM 707(b)(3)(A) was at least technically violated in this case.

I think the majority should address this argument before this case can be properly resolved.