CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, BERG and YOB
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Private First Class JUSTIN D. ROBISON**
**United States Army, Appellee**

ARMY 20110758

Headquarters, III Corps and Fort Hood
Patricia Lewis, Military Judge
Colonel* Stuart W. Risch, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr.; Major Jacob D. Bashore, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Captain Chad M. Fisher, JA (on brief).

2 December 2011

---------------------------------------------------
SUMMARY DISPOSITION ON APPEAL
BY THE UNITED STATES
FILED PURSUANT TO ARTICLE 62
UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------

YOB, Judge:

Private First Class Justin Robison, appellee, left his unit at Fort Hood, Texas, on March 11, 2001. On May 9, 2001, his commander preferred a charge against appellee for desertion under Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885, [hereinafter UCMJ]. On December 27, 2010, civilian authorities apprehended appellee and returned him to military control pursuant to an outstanding warrant for the desertion charge. On the day appellee returned to military control, the Rule for Courts-Martial (R.C.M.) 707 speedy trial clock for the nine-year-old charge began to run.

On March 29, 2011, ninety-three days after appellee returned to military control, the special court-martial convening authority dismissed the May 9, 2001

*Corrected

desertion charge. On April 26, 2011, the summary court-martial convening authority preferred a new desertion charge against appellee. After appellee waived his right to an investigation pursuant to Article 32, UCMJ, the general court-martial convening authority, on June 16, 2011, referred the charge to a general court-martial.

At arraignment, appellee brought a speedy trial motion under R.C.M. 707. On August 26, 2011, the military judge granted the R.C.M. 707 motion, issued findings and dismissed the charge with prejudice. Pursuant to Article 62, UCMJ, government counsel appealed the ruling of the military judge that terminated the proceedings. We have considered the record from the initial proceedings and briefs submitted by the parties in reaching our conclusion that the military trial judge erred in dismissing the charge in this case with prejudice for a violation of appellee's right to a speedy trial.

Under Article 62, UCMJ, we are limited to "reviewing the military judge's decision only with respect to matters of law," and are "bound by the military judge's finding of fact unless they were clearly erroneous." *United States v. Cossio*, 64 M.J. 254 (C.A.A.F. 2007). We review the military judge's ultimate decision to dismiss the charge in response to the R.C.M. 707 speedy trial motion for an abuse of discretion. *United States v. Anderson*, 50 M.J. 447 (C.A.A.F. 1999), citing *United States v. Hatfield*, 44 M.J. 22 (C.A.A.F. 1996). Abuse of discretion by a military judge occurs when the judge uses incorrect legal principles or the judge's application of correct legal principles to the facts is clearly unreasonable. *United States v. Ellis*, 68 M.J. 341, 344 (C.A.A.F. 2010) (citing *United States v. Mackie*, 66 M.J. 198, 199 (C.A.A.F. 1998)). Applying this standard of review and after considering the record of trial and the briefs submitted by the parties, we find the military judge incorrectly applied the law related to R.C.M. 707 speedy trial claims and erroneously dismissed the charge with prejudice.

Appellee was not under pretrial restraint when charges were dismissed or at anytime thereafter. Therefore, under R.C.M. 707(b)(3)(A), the speedy trial clock that started when appellee returned to military control on December 27, 2010, stopped on March 29, 2011, when appellee's special court-martial convening authority dismissed the charge. Absent a finding that the dismissal was a subterfuge, the speedy trial clock would be considered reset when, after the government dismissed the old charge, it preferred a new charge on April 26, 2011. *United States v. Tippit*, 65 M.J. 69, 79 (C.A.A.F. 2007) (citing *United States v. Anderson*, 50 M.J. 447, 448 (C.A.A.F. 1999)).

We agree with the holding of the Navy-Marine Court of Criminal Appeals that a convening authority's dismissal of a charge is only a subterfuge when the sole purpose of the dismissal is to avoid the running of the 120-day speedy trial clock. *United States v. Robinson*, 47 M.J. 506, 511 (N.M. Ct. Crim. App. 1997). This court has held that dismissal of a charge for the purpose of securing additional

documentary evidence permits the restart of the R.C.M. 707 speedy trial clock. *United States v. Hayes*, 37 M.J. 769, 772 (A.C.M.R. 1992).

The instant record documents at least two legitimate reasons for the government to dismiss the old charge: (1) to prefer a new charge with newly acquired information in an additional element, and (2) to secure additional evidence. There is no evidence that the government's sole reason for dismissal was to avoid the running of the speedy trial clock.

The new desertion charge significantly differed from the original, nine-year-old charge. The new charge included an additional element alleging that the desertion was terminated by apprehension and setting forth the date of termination. We conclude the government needed to dismiss the old charge to add this element. In addition, it is clear the government was actively if not expeditiously obtaining additional documentary evidence concerning appellee's service. This is understandably difficult to obtain given the long period of time appellee absented himself from military control. Moreover, appellee bears part of the responsibility for this hunt for additional records, given that appellee represented to trial counsel in February 2011, through a letter from his retained civilian counsel, that appellee had actually been discharged from the Army and that he was thereby incorrectly accused and charged with an offense based on his absence.

The military trial judge found that the government created "the appearance of a subterfuge" in dismissing the charge, as opposed to analyzing whether the dismissal constituted an actual subterfuge. In this respect, the military judge erred by applying an incorrect legal standard. Applying the correct analysis, we find the R.C.M. 707 speedy trial clock stopped at dismissal of the old desertion charge, and started anew with preferral of the new desertion charge.

We conclude that the government's purpose in dismissing the old charge was not to stop the speedy trial clock. Given this holding, we need not consider whether any speedy trial violation resulted in prejudice to appellee or whether the prejudice resulted in a Constitutional violation of appellee's Sixth Amendment right to a speedy trial. There is no need for a prejudice analysis because there was no R.C.M. 707 speedy trial violation.

The military trial judge's dismissal with prejudice of the April 26, 2011 charge and its specification constituted an abuse of discretion. The ruling by the military trial judge on the defense's R.C.M. 707 motion dismissing the charge against appellee with prejudice is reversed. The record of trial is returned to The Judge Advocate General of the Army for remand to the military judge presiding over appellee's court-martial for further action consistent with this opinion.

Senior Judge KERN and Judge BERG concur.

ROBISON – ARMY 20110758



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court