# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, R.Q. WARD, K.M. MCDONALD**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JOHN F. DOYLE III**
**CHIEF ENGINEMAN (E-7), U.S. NAVY**

**NMCCA 201300442**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 1 August 2013.
**Military Judge**: CDR John A. Maksym, JAGC, USN.
**Convening Authority**: Commander, U.S. Naval Forces Japan, Yokosuka, Japan.
**Staff Judge Advocate's Recommendation**: CDR T.D. Stone, JAGC, USN.
**For Appellant**: LT Jennifer L. Myers, JAGC, USN.
**For Appellee**: LCDR Keith B. Lofland, JAGC, USN; Capt Suzanne M. Dempsey, USMC.

**28 October 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant pursuant to his pleas, of six specifications of violating a lawful general order (sexual harassment) and five specifications of wrongful sexual contact in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 920. The military judge sentenced

the appellant to eight years' confinement, reduction to pay grade E-1, a fine of $50,000.00 and a dishonorable discharge.

In accordance with the pretrial agreement (PTA), the convening authority (CA) approved two years' confinement, a $2,000.00 fine, reduction to pay grade E-1, and the dishonorable discharge. The CA also deferred automatic forfeitures, then waived automatic forfeitures for six months, and suspended both the adjudged and automatic reduction below pay grade E-5 for six months from the date of his action.

The appellant's sole assignment of error (AOE) claims that the military judge abused his discretion by denying his speedy trial motion under RULE FOR COURT-MARTIAL 707, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012).[1]

After carefully considering the record of trial, the AOE, and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

Prior to trial, the appellant filed a motion to dismiss arguing that the Government's dismissal and repreferral of the original charges amounted to a subterfuge to avoid the remedy under R.C.M. 707(d)(1). The original charges were preferred on 26 October 2012. On 14 January 2013, the charges were dismissed and subsequently repreferred on 16 January 2013 - 81 days after the original charges were preferred. The appellant was arraigned on 13 April 2013. After a hearing, the military judge denied the motion, finding that the charges were dismissed and repreferred to correct an "irregularity"[2] on the original charge sheet, rather than to evade the R.C.M. 707 speedy trial clock.

At no time prior to trial was the appellant confined or restricted.

On 1 August 2013, the appellant pleaded guilty unconditionally pursuant to a PTA.

---

[1] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Record at 78.

2

**Waiver**

R.C.M. 707(e) states that except when a conditional plea is entered pursuant to R.C.M. 910(a)(2), "a plea of guilty which results in a finding of guilty waives any speedy trial issue as to that offense." We find that the appellant pleaded guilty unconditionally and, thus, appellant's failure to enter a plea in compliance with R.C.M. 910(a)(2) waived his ability to raise the speedy trial issue with the court. *United States v. Lee*, 73 M.J. 166, 170 (C.A.A.F. 2014); *United States v. Tippit*, 65 M.J. 69, 75 (C.A.A.F. 2007).

**Speedy Trial**

Even assuming *arguendo* that the appellant had preserved the speedy trial issue, we find appellant's AOE to be without merit.

We review a military judge's decision to deny relief under R.C.M. 707 for an abuse of discretion. *United States v. Anderson*, 50 M.J. 447,448 (C.A.A.F. 1999). Consequently, we will not overturn the military judge's findings of fact unless they are clearly erroneous. We have considered the military judge's findings and adopt them as our own. We further concur with the military judge that the appellant's motion is without merit.

Here, the military judge found that the dismissal and subsequent repreferral was not a subterfuge to avoid an R.C.M. 707 violation. Rather, the military judge found that correcting the irregularity in the original charge sheet was a legitimate reason for the CA to dismiss and reprefer the charges. *Tippit*, 65 M.J. at 80. We agree.

Thus, we find that the military judge did not abuse his discretion by denying the appellant's motion for speedy trial relief under R.C.M. 707. The record amply supports that the reasons for repreferral were not designed as a subterfuge to avoid an R.C.M. 707 violation. We also agree with the military judge that a new 120-day speedy trial period started on the date the dismissed charges were repreferred.

## Conclusion

The findings and the sentence, as approved by the CA, are affirmed.

For the Court

R.H. TROIDL
Clerk of Court