CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Private E2 JAMES B. HENDRIX**
**United States Army, Appellee**

ARMY MISC 20170439

Headquarters, U.S. Army Cyber Center of Excellence and Fort Gordon
Richard J. Henry, Military Judge

For Appellant:  Captain Samuel E. Landes, JA (argued); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Catharine M. Parnell, JA; Captain Samuel E. Landes, JA (on brief).

For Appellee:  Captain Benjamin J. Wetherell, JA (argued); Lieutenant Colonel Christopher D. Carrier, JA; Major Brendan R. Cronin, JA; Captain Cody D. Cheek, JA; Captain Benjamin J. Wetherell, JA (on brief).

14 December 2017

---------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAGLER, Judge:

Appellee was charged with two specifications of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012 & Supp. III 2016) [hereinafter UCMJ].  At a pretrial hearing, appellee moved to dismiss with prejudice the charge and its specifications for a Rule for Courts-Martial [hereinafter R.C.M.] 707 speedy-trial violation.  The military judge granted the motion.  In reaching his decision, the military judge concluded the convening authority's previous dismissal of the charge was a subterfuge.

The case is before this court pursuant to a government appeal of a military judge's ruling in accordance with Article 62, UCMJ. We find the military judge clearly erred when concluding the convening authority's dismissal of the charge was a subterfuge. We further find the military judge abused his discretion in dismissing the charge with prejudice. We take appropriate action in our decretal paragraph.

## BACKGROUND

Private (PV2) EW made an unrestricted report to Criminal Investigation Command claiming appellee sexually assaulted her on 22 March 2016. On 29 November 2016, appellee's commander preferred a charge, and on 6 January 2017, a preliminary hearing was conducted, in which PV2 EW did not participate. During the investigation and pretrial phases of this case, PV2 EW, through her special victim counsel (SVC), vacillated on whether she would or would not be willing to participate as a witness in a court-martial against appellee.

Ultimately, on 21 March 2017, the SVC provided a "Victim Input" memorandum to government counsel in which he represented, "[a]t this time, it is [PV2 EW's] stated preference and desire that this matter not be referred to a General Court-martial, and instead, she respectfully requests the chain of command convene an Administrative Separation Board . . . ." Further, the SVC stated:

> [PV2 EW] does not wish to participate as a witness at both a Motion Hearing and Trial. A court-martial would require [PV2 EW] to be subjected to an invasive cross-examination and risk the disclosure of her mental health records. In addition, since reporting these allegations, [PV2 EW] has begun the difficult process of rebuilding her life. She has gotten married and is in the process of being medically retired from the Army. She does not wish to revisit everything that happened to her. An Administrative Separation Board would not require the same level of participation as a court-martial, but would still hold the subject accountable. Moreover, it would yield a more timely resolution. [Private EW] fully understands and is satisfied with the Administrative Separation Board process and believes it is an appropriate way to adjudicate and resolve this matter.

On 2 April 2017, government counsel notified appellee's trial defense counsel that the convening authority intended to dismiss the charge and its specifications. On 14 April 2017, the convening authority, on the advice of his staff judge advocate (SJA), dismissed the charge and its specifications and released the case to the subordinate commander for disposition. Four days after the dismissal, PV2 EW's

SVC notified government counsel that PV2 EW was now willing to testify. Three days later, appellee's company commander re-preferred the same charge against appellee.

The subordinate commander adopted the previous preliminary hearing findings, and the convening authority referred the case to a general court-martial on 11 May 2017. On 4 June 2017, appellee filed a motion to dismiss for a R.C.M. 707 speedy-trial violation. The military judge heard evidence on the motion following appellee's arraignment on 8 June 2017.

On 27 July 2017, the military judge ruled on the motion in writing, concluding the convening authority's dismissal occurred three days after the 120-day speedy-trial clock under R.C.M. 707 had run. In his ruling on the motion, the military judge made thirty "Factual Findings." Of particular note are the following:

> 20. 14 April 2017 – Based on the advice of Government counsel, the [convening authority] dismissed the charge and its specifications without prejudice.[1] The [convening authority] also released the authority to dispose of [appellee's] misconduct to his subordinate commanders.
>
> 21. 18 April 2017 – Following the dismissal of the charge, [PV2 EW], through her SVC, communicated to the Government that she had changed her mind, was now willing to testify, and desired that the allegations be referred to a General Court-Martial.
>
> 22. 21 April 2017 – [Appellee's] company commander preferred an identical charge with identical specifications as had been previously preferred.

Although he did not state so explicitly, it is clear from his ruling that the military judge believed the convening authority's dismissal of the previous charge violated R.C.M. 707, as it occurred after the 120-day clock had run:

> This Court finds that, assuming *en arguendo* that the 120-day clock was not surpassed strictly based on the numbers, it was still violated because the re-preferral of the exact same charges

---

[1] The military judge found the convening authority's dismissal was "[b]ased on the advice of Government counsel . . . ." This finding fails to reflect that the SJA provided written advice on disposition to the convening authority on 14 April 2017, including his recommendation to dismiss without prejudice and to return the case to the special court-martial convening authority for disposition.

> was subterfuge and the clock did not restart. This Court was notified of the latest referral on 17 May 2017. This would be Day 156 according to the Court's calculations. Therefore, as [appellee] was not brought to trial/arraigned until 8 June 2017, the 120-day clock has been surpassed.

We read the military judge's holding to contain two separate conclusions of law: 1) the convening authority's dismissal of the original charge after the 120-day clock had run is a violation of R.C.M. 707; and 2) the dismissal was a subterfuge and did not restart the 120-day clock, thus, the clock continued to run from the time of the initial preferral. We find both conclusions of law to be erroneous, as neither comports with current case law nor follows from the facts in the record.

## LAW AND DISCUSSION

### A. Standards of Review

Under Article 62, UCMJ, we are limited to "reviewing the military judge's decision only with respect to matters of law," and are "bound by the military judge's findings of fact unless they were clearly erroneous . . . ." *United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007). We review the military judge's conclusions of law de novo. *United States v. Cohen*, 63 M.J. 45, 49 (C.A.A.F. 2006) (quoting *United States v. Swift*, 53 M.J. 439, 446 (C.A.A.F. 2000)). We review the military judge's ultimate remedy—dismissal with prejudice—for abuse of discretion. *United States v. Anderson*, 50 M.J. 447, 448 (C.A.A.F. 1999) (citing *United States v. Hatfield*, 44 M.J. 22 (C.A.A.F. 1996)).

### B. Applicable Law

A convening authority's dismissal of a charge is a subterfuge when the sole purpose of the dismissal is to avoid the running of the 120-day speedy-trial clock. *United States v. Robison*, 2011 CCA LEXIS 381, at *4 (Army Ct. Crim. App. 2 Dec. 2011) (summ. disp.) (citing *United States v. Robinson*, 47 M.J. 506, 511 (N.M. Ct. Crim. App. 1997). Absent a subterfuge, once charges are dismissed, the speedy-trial clock is restarted. *United States v. Anderson*, 50 M.J. 447, 448 (C.A.A.F. 1999).

R.C.M. 707(d)(1) lays out the factors a court shall consider in determining a remedy for a failure to comply with the rule: the seriousness of the offense; the facts and circumstances of the case that lead to dismissal; the impact of a re-prosecution on the administration of justice; and any prejudice to the accused resulting from the denial of a speedy trial.

4

## C. Review and Conclusions of Law

### 1. Was the convening authority's dismissal a subterfuge?[2]

Merriam-Webster defines "subterfuge" as "deception by artifice or stratagem in order to conceal, escape, or evade." *Subterfuge*, https://www.merriam-webster.com/dictionary/subterfuge (last updated 11 Dec. 2017). Military appellate courts have found a dismissal of a charge is subterfuge if its "sole purpose" is to avoid a speedy-trial violation, and that such a dismissal does not reset the 120-day speedy-trial clock. Thus, if the convening authority's 14 April 2017 dismissal was a subterfuge, it would not stop the R.C.M. 707 speedy-trial clock. If it was not a subterfuge, then the speedy-trial clock was reset by the second preferral of the charge, and specifications on 21 April 2017.

Although the military judge concluded the convening authority's dismissal was a subterfuge, neither his findings nor the record reveals any deception or underlying purpose to avoid the speedy-trial clock. On the contrary, the record contains ample support to conclude the convening authority's dismissal, and the subsequent decision to re-prefer, had a perfectly valid reason: the availability of evidence at trial.

The convening authority made his decision after receiving his SJA's advice, which clearly laid out the rationale for recommending dismissal: "[PV2 EW's] testimony is essential to prove, beyond a reasonable double, that [appellee] committed sexual assault. . . . Without her testimony, the Government would be unable to prove beyond a reasonable doubt that the sex was nonconsensual and, therefore, all the elements of the alleged offense would not be met."

The military judge's ruling acknowledges this motive: "The driving force behind the dismissal and re-preferral was the changing willingness of [PV2 EW] to participate in the court-martial." But to support his finding of subterfuge, the military judge found that the government's purpose in dismissing *without prejudice* in this case was to stop the clock and preserve the ability to prosecute at a later time. This purpose does not strike us as evidence of deception or a concealed purpose to work around R.C.M. 707. After all, the whole point in a "without prejudice" dismissal is to allow the government to reinstitute proceedings "against the accused for the same offense at a later date." *See* R.C.M. 707(d)(1).\* Under the military

---

[2] We review the military judge's determination that the convening authority's dismissal was subterfuge on the facts presented, rather than the more general situation in which the convening authority was motivated by Dep't of Def. Instr. 6495.02, Sexual Assault Prevention and Response (SAPR) Program Procedures (28 Mar. 2013).

\* Corrected

judge's rationale, any such dismissal "without prejudice" would tend to show subterfuge.

This approach misapplies the case law on subterfuge. Appellate courts look to whether the dismissal itself was a subterfuge—whether the "sole purpose of the dismissal" was to reset the 120-day clock. *Robison*, 2011 CCA LEXIS, at *4 (citing *Robinson*, 47 M.J. at 511). The military judge's own finding that PV2 EW's changing willingness to participate was the "driving force" shows the sole purpose of dismissal was not to avoid the speedy-trial clock.

As further evidence of subterfuge, the military judge found that during the period between dismissal and re-preferral, "No new evidence was obtained, no new crimes were charged. The only difference was the change of heart of [PV2 EW]." Yet his finding overlooks the significance of PV2 EW's testimony and that without it, the government would not have sufficient evidence available at trial. After dismissal, PV2 EW's decision to participate completely changed the viability of the case from the government's perspective. The government's subsequent preferral, even of a mirror-image charge, was entirely consistent with the purpose of dismissal and with the change in circumstances (i.e., sufficient evidence being available for trial) that followed the dismissal.

We find the unavailability of the victim as an essential witness was a legitimate reason to dismiss the charge. The SJA's advice shows this was the basis for the convening authority's decision, and the military judge's finding that PV2 EW's willingness to participate was the "driving force" supports this view. On its face, the convening authority's disposition is clear—he declined to refer the charge, dismissed it without prejudice, and significantly, released disposition authority to a subordinate commander. Nothing in the convening authority's disposition suggests this was simply a mechanism to reset the speedy-trial clock or that he actually intended, at that time, to re-prefer and go forward with the case.

Given the government's valid purpose for dismissal and the absence of any improper motive or deception regarding that purpose, the military judge's conclusion that the dismissal was a subterfuge was clearly erroneous and an abuse of discretion.

As there was no subterfuge, the R.C.M. 707 speedy-trial clock was reset following the second preferral of the charge on 21 April 2017. At the time of arraignment, forty-eight days had elapsed since the second preferral, and there was no R.C.M. 707 speedy-trial violation.

   *2. Did the military judge abuse his discretion in dismissing the charge with prejudice?*[3]

   As we find no R.C.M. 707 violation in the charge referred to trial, the military judge's dismissal constituted an abuse of discretion. Had we reached a different conclusion (i.e., finding a R.C.M. 707 violation because the convening authority's dismissal was a subterfuge), we would still find the military judge's remedy—dismissal with prejudice—to be an abuse of discretion.

   A recurring theme throughout the military judge's ruling as found in Appellate Exhibit VIII is the risk of "perpetual" prosecution or jeopardy:

> Re-preferring the exact same charges a week later and placing [appellee] back under the crucible of a court-martial, is the exact type of perpetual jeopardy both speedy trial and the "subterfuge" doctrine seek to eliminate.
>
> When questioned by this Court, Government counsel acknowledged, because sexual assault has no statute of limitations, under their rationale they could continue to charge and re-charge [appellee] perpetually. As [appellee] stated it, he felt his "rights come second to [PV2 EW's] whims." That cannot be the state of the military justice system.
>
> . . . .
>
> It is a dangerous perception if it appears that an [a]ccused, who is considered innocent, can be perpetually held in a Flagged state and under the perpetual crucible of potential prosecution, simply because an [alleged victim] may change their mind about their participation in court-martial proceedings. This is particularly true when, as in the instant case, an SVC has been assigned and utilized. Further protections of an [alleged victim] cannot come at the expense of the fairness of our system and the rights of [appellee].
>
> . . . .

---

[3] As noted in appellee's answer to the government's brief, the applicable standard of review is abuse of discretion, not simply error, so we review the military judge's dismissal *with prejudice* for an abuse of discretion.

> [D]ismissing this case without prejudice does nothing to alleviate the speedy trial issue. Doing so would continue to allow the Government to dismiss and re-prefer as they saw fit.

As this theme was prominent in the military judge's discussion of subterfuge and in his ultimate dismissal with prejudice, it offers valuable insight into the military judge's exercise of discretion in this case.

Yet the record contains little support for these statements. There is only the single dismissal by the convening authority and a subsequent referral to general-court-martial less than one month later. There is no basis in the record to conclude the convening authority and military judge would allow the government to withdraw, dismiss, re-prefer, and refer these charges against appellee *ad infinitum*, as the military judge suggests. To give credence to the military judge's assertions, one must assume as fact that appellee would be foreclosed from raising speedy-trial issues at future proceedings. Similarly, we would have to agree with the military judge that PV2 EW's decision to decline or participate as a witness means her "protections" or "whims," as the judge variously described them, outweigh the rights of the accused or the fairness of the system. Finally, we would have to agree with the military judge's position that the SVC's involvement in this case somehow exacerbates the "dangerous perception" of perpetual prosecution.

This court does not accept these statements as true or supported by the record. Nor can we give deference to any finding that relies heavily upon them. Cases must be decided on their facts, not on some future or hypothetical fact pattern. It is clear from his ruling that these concerns loomed large in the military judge's decision to dismiss this case with prejudice, a decision we find to be an abuse of discretion.

## CONCLUSION

The appeal of the United States pursuant to Article 62, UCMJ, is GRANTED. The ruling by the military judge, dismissing the charge and its specifications with prejudice, is VACATED. The record will be returned to the military judge and convening authority for action not inconsistent with this opinion.

BURTON, Senior Judge, and SCHASBERGER, Judge, concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court