UNITED STATES, Appellee,

v.

Johnnie M. TAYLOR, Sergeant,
U.S. Air Force, Appellant.

No. 96–1241.
Crim.App. No. 31574.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 9, 1999.

Decided Aug. 27, 1999.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ., joined. SULLIVAN, J., filed a concurring opinion.

For Appellant: *Captain Tishlyn E. Taylor* (argued); *Colonel Douglas H. Kohrt* (on brief).

For Appellee: *Major J. Robert Cantrall* (argued); *Colonel Anthony P. Dattilo* and *Major Ronald A. Rodgers* (on brief); *Lieutenant Colonel Michael J. Breslin.*

Judge CRAWFORD delivered the opinion of the Court.

This case is here for the second time.

Appellant was charged with forcible sodomy, assault and battery, indecent assault, and committing indecent acts. He pleaded guilty to consensual sodomy and the judge dismissed the assault and battery and the indecent assault as being multiplicious with the forcible sodomy. In the end, appellant was convicted at a general court-martial composed of officer members of forcible sodomy and committing indecent acts. Appellant was sentenced to a dishonorable discharge, confinement for one year, total forfeitures, and reduction to the lowest enlisted grade.

47 MJ 322, 323 (1997). Based on the recommendation of the staff judge advocate that there was improper argument by the prosecutor, the convening authority approved only consensual sodomy and reduced the sentence to a bad-conduct discharge, 8 months' confinement, total forfeitures, and reduction to the lowest enlisted grade.

On June 21, 1996, the Court of Criminal Appeals affirmed the findings and reassessed the sentence because of the Staff Judge Advocate's incorrect advice to the convening authority regarding the legal standard to be applied in reassessing the sentence. The court reduced the period of total forfeitures to 6 months.

On September 30, 1997, this Court set aside the Court of Criminal Appeals' decision because an erroneous standard was used in reassessing appellant's sentence. 47 MJ at 325-26.

On January 28, 1998, the Court of Criminal Appeals, with one judge dissenting, held that they could reliably reassess appellant's sentence by reducing it to a bad-conduct discharge.

We granted review of the following issue: WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ABUSED ITS DISCRETION IN FINDING THAT APPELLANT'S SENTENCE COULD BE RELIABLY REASSESSED BY THAT COURT.

We hold that the Court of Criminal Appeals did not abuse its discretion in reassessing appellant's sentence.

## DISCUSSION

When this case was here before, we explained that the standard for reassessment is not what sentence would be imposed at a rehearing, but rather, would the sentence have been "at least *of a certain magnitude.*" 47 MJ at 324-25 (emphasis added); *see United States v. Jones,* 39 MJ 315, 317 (CMA 1994). We emphasize the "at least of a certain magnitude" language because a sentencing authority may not be able to determine with precision the exact sentence that would have been adjudged absent the error, but at a bare minimum, the court can say with confidence that the sentence would have been "at least of a certain magnitude."

Sentencing in the military is not based solely on the charged offense. Except as to certain crimes, there is no mandatory minimum or maximum; there is only a ceiling on the punishment. Thus, punishment is based on the offender's underlying conduct plus other evidence introduced by both the prosecution and the defense during the sentencing stage. Appellant has not challenged his conviction for consensual sodomy or the authority of the President to prescribe the penalty of a punitive discharge for consensual sodomy.

The record reveals that appellant exploited the vulnerabilities of a teenager to satisfy his own sexual desires. Appellant, a 37–year–old married noncommissioned officer with 3 children, met AMD, a 17–year–old, when he dropped his son off at school. After making arrangements to see her the next day, he dropped her off at a friend's house. The next day, he picked her up at her home where she lived with her mother and stepfather. He convinced her not to go job hunting but to ride around the area. During this time, he asked her about her family and her relationships, including her sexual experiences with her boyfriends. During this conversation, AMD admitted that she had already engaged in sexual intercourse and had performed oral sex on one of her boyfriends. When she saw appellant's wife's identification card in his car, he claimed that that person was "just a friend," not admitting he was married.

Over the following 2 days, he again met with her and discussed oral sex. He asked her about her sexual fantasies, and she agreed to write one down. During this particular meeting, they discussed her sexual fantasies, and would hug and kiss and "play around" in his parked car.

A few days later, they met and decided to go on a picnic. He rented a car because his wife needed the family car. Eventually, they stopped the car and decided to have the picnic there. They wrestled and kissed each other. Again, appellant brought up her sexual experiences, and AMD said she preferred

performing oral sex. So he asked her to perform oral sex on him. When she paused, he "pleaded" with her to do it. Ultimately, she agreed. After engaging in oral sex, appellant told her he could not see her again because his wife was suspicious. AMD became upset. She rhetorically asked—now that he was satisfied, was he going to stop seeing her. When she started to leave, appellant roughly restrained her and would not let her go until she picked up the trash from the picnic. They then went back to the Visitors' Center, where the car was parked, and she went to the restroom. Upset, she called a friend to come and get her. Appellant said he was sorry for deceiving her, returned to his rental car, and left without her.

Based on the original charges and the facts of this case, we hold that the Court of Criminal Appeals did not abuse its discretion in determining that the minimum sentence would have at least included a punitive discharge.

The decision of the United States Air Force Court of Criminal Appeals upon further review is affirmed.

SULLIVAN, Judge (concurring):

I join the majority in this reassessment case because the facts are clearly distinguishable from those in *United States v. Hawes*, 51 MJ 258 (1999) (Sullivan, J., dissenting) and *United States v. Davis*, 48 MJ 494, 496 (1998) (Sullivan, J., dissenting). In this case, I agree that the minimum sentence would have at least included a punitive discharge, thus I join in affirming the decision of the court below.