CRAWFORD, Chief Judge
(concurring in part and dissenting in part):
I fully join the majority’s rationale in holding that Mil.R.Evid. 410, Manual for Courts-Martial, United States (1998 ed.), was applicable to appellant’s case and that the military judge’s error in admitting the challenged evidence had a “substantial influence” on appellant’s sentence.
I respectfully part company with the majority over their restrictive remand of this case to the Court of Criminal Appeals for sentence reassessment. In taking this action, the majority has abridged the lower court’s sentence reassessment discretion and expertise unnecessarily, substituted its own judgement of sentence appropriateness, and virtually dictated a sentence rehearing, all in derogation of Congressional and Presidential mandates, as well as 15 years of precedent from this Court. See Art. 66(c), UCMJ, 10 USC § 866(c); RCM 1203, Manual, supra; United States v. Suzuki, 20 MJ 248, 249 (CMA 1985); United States v. Sales, 22 MJ 305 (CMA 1986); United States v. Reed, 33 MJ 98, 99 (CMA 1991); United States v. Cook, 48 MJ 434, 438 (1998); United States v. Eversole, 53 MJ 132, 138 (2000)(Crawford, C.J., dissenting); Id. at 140 (Gierke, J., dissenting).
This Court’s responsibility is to determine, as a matter of law, whether a Court of Criminal Appeals abuses its discretion when reassessing and determining that a sentence imposed at trial, minus the prejudicial error, would have been of a certain magnitude. Art. 67(c), UCMJ, 10 USC § 867(c); see United States v. Taylor, 51 MJ 390, 391 (1999); United States v. Jones, 39 MJ 315, 317 (1994); Sales, 22 MJ at 308. Today we put the proverbial cart before the horse by circumscribing the Court of Criminal Appeals’ statutory function.
Finally, the restrictive mandate virtually guarantees a sentence rehearing. Instead of erroneously introducing appellant’s discharge request at trial, the Government could have introduced, during sentencing, properly *307 maintained, complete, reliable personnel forms reflecting appellant’s absence from and return to duty after 212 days. See RCM 1001(b)(2); United States v. Ariail, 48 MJ 285 (1998); see generally United States v. Abel, 469 U.S. 45, 56, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). Such documents, even though incorporated in the allied papers of the record of trial, cannot be considered by the Court of Criminal Appeals when performing its sentence reassessment. See United States v. Peoples, 29 MJ 426, 428 (CMA 1990). Conversely, they can be introduced during a sentence rehearing.
By its action today, the majority says that the Court of Criminal Appeals is incapable of determining the ultimate affect (albeit “substantial”) a 212 day unauthorized absence had on the sentence. Accordingly, the Court of Criminal Appeals, with its discretion removed, will have no option but to restart the sentencing process.