# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class RICHARD A. RIVERA
### United States Air Force

## ACM 38649

## 18 February 2016

Sentence adjudged 4 April 2014 by GCM convened at Laughlin Air Force Base, Texas. Military Judge: Bradley A. Cleveland.

Approved Sentence: Dishonorable discharge, confinement for 6 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

Appellate Counsel for Appellant: Major Isaac C. Kennen.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez; Major Mary Ellen Payne; Captain Tyler B. Musselman; and Gerald R. Bruce, Esquire.

Before

HECKER, TELLER, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

At a general court-martial composed of officer members, Appellant was convicted, contrary to his plea, of forcible sodomy, in violation of Article 125, UCMJ, 10 U.S.C. § 925, and, consistent with his plea, of dereliction of duty, in violation of Article 92, UCMJ, 10 U.S.C. § 892. Appellant was sentenced to a dishonorable discharge, confinement for six months, forfeiture of all pay and allowances, reduction to E-1 and a reprimand.

Appellant raises seven issues on appeal: (1) his plea to dereliction of duty was improvident, (2) the evidence is factually and legally insufficient to sustain his conviction for forcible sodomy, (3) he was denied due process under the United States Constitution when he was tried by a panel consisting of five members who were not required to be unanimous in their vote to convict, (4) the trial counsel's findings argument was improper, (5) his trial defense counsel were ineffective for failing to object to the improper findings argument, (6) certain portions of the victim's sealed mental health records were improperly not provided to the defense as part of the discovery process, and (7) the defense was not informed prior to trial that the victim's special victims' counsel had copied the victim's sealed mental health records.

We find Appellant's plea to dereliction of duty to be provident, but we also find the evidence factually insufficient to sustain his conviction for forcible sodomy. In light of that latter decision, the remaining issues raised by Appellant are moot.[1]

*Background*

In the fall of 2011, Appellant and a female Airman, NT, began dating while assigned together at technical school training. Their relationship included consensual sexual contact. On 13 January 2012, the couple attended a birthday party for NT at a local hotel. Early the next morning, NT joined Appellant in a nearby hotel room. She testified that once there, Appellant forced her to engage in oral sodomy.[2]

The two continued their consensual sexual relationship after this incident. After Appellant was transferred to another base in February 2012, NT arranged to meet him at a hotel room on 10 March 2012. Based on NT's account of this encounter, Appellant was charged with aggravated sexual assault for forcing her to engage in intercourse, aggravated sexual contact for grabbing her breast, and assault consummated by a battery for striking her with his hand. Appellant was acquitted of all of these March 2012 charges.[3]

Upon returning to his base after the March 2012 incident, Appellant used his position as a member of the medical operations squadron to access NT's medical records. He pled guilty to willful dereliction of duty for doing so.

---

[1] For each of these issues, the relief Appellant requested was that we set aside the finding of guilt for the sodomy charge.

[2] Although Appellant was convicted of the forcible sodomy charge, he was acquitted of an alleged aggravated sexual assault that NT alleged occurred in the hotel room immediately after the forcible sodomy..

[3] He was also acquitted of a second alleged forcible sodomy that purportedly occurred a month earlier in February 2012.

Appellant was charged with, and pled guilty to, being derelict in the performance of his duties by willfully failing to refrain from accessing NT's personal health records on several occasions between March and April 2012. During this time frame, Appellant was a medical technician whose duties included accessing patients' medical records in order to facilitate patient care. During his providence inquiry, Appellant stated NT had told him she had not been receiving adequate medical care and that she was not sure what her treatment plan stated regarding her doctor's plans for her. Appellant told her he would look at her records and let her know what they stated regarding her treatment. Appellant now contends his plea is improvident because his statements about NT giving him permission to review her records called into question whether he actually had a duty to refrain from doing so. We disagree.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In order to prevail on appeal, Appellant has the burden to demonstrate "a substantial basis in law and fact for questioning the guilty plea." *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted). The "mere possibility" of a conflict between the accused's plea and statements or other evidence in the record is not a sufficient basis to overturn the trial results. *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (quoting *Prater*, 32 M.J. at 436) (internal quotation marks omitted). "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 40 C.M.R. 247, 250–51 (C.M.A. 1969)).

As part of his providence inquiry, Appellant acknowledged he was not authorized to access records for the purpose of helping a friend or family, and that he had been trained on this at technical school and in the Laughlin Air Force Base clinic. He admitted Air Force Instruction (AFI) 44-210, *Patient Administration Functions* (29 November 2010) and the Health Insurance Portability and Accountability Act (HIPAA) imposed a duty on him to refrain from improperly accessing personal health records, and that he was only supposed to use the medical records computer system for patients as part of his duty to provide care to patients at the base facility. He told the military judge that doing so to view NT's records from her treatment at another facility was an "immature, wrong and stupid decision." He also acknowledged that she had never given him written authorization to view her records for any purpose. *See* AFI 41-210, ¶ 2.2.3.1 ("Patient's Protected Health Information can only be used for treatment, payment and health care operations without written authorization from the patient or other disclosures required by law.").

Here, we find Appellant's recitation of the facts during the providence inquiry objectively support his guilty plea. *See United States v. Bickley*, 50 M.J. 93, 94 (C.A.A.F. 1999). He admitted his position as a medical technician at Laughlin Air Force Base gave him access to military members' medical records solely for the purpose of providing medical care to patients at that base's medical clinic. It was Appellant's duty to remain within those parameters when accessing medical records, and he willfully failed to do so. NT's purported acquiescence in this access for a non-treatment related purpose does not trump Appellant's obligation to comply with his duty not to access those records for that purpose. The military judge did not abuse his discretion by accepting the guilty plea.

*Factual Sufficiency—Forcible Sodomy*

We review issues of factual sufficiency de novo. *United States v. Beatty*, 64 M.J. 456, 459 (C.A.A.F. 2007). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987), *quoted in United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). Our factual sufficiency determination is limited to a review of the "entire record," meaning evidence presented at trial. *Reed*, 54 M.J. at 43; *United States v. Bethea*, 46 C.M.R. 223, 225 (C.M.A. 1973).

To convict Appellant of forcible sodomy, the Government must prove two elements beyond a reasonable doubt: Appellant engaged in unnatural carnal copulation and the act was done by force and without consent. *Manual for Courts-Martial, United States*, pt. IV, ¶ 51.b.(1), (4) (2008 ed.). We have reviewed the entire record of trial and evaluated the arguments by Appellant and the Government. We have also made allowances for not having heard and observed the witnesses. Having done so, and having considered the unique facts of this case on its merits, we are not personally convinced of Appellant's guilt of forcible sodomy. Given the totality of the circumstances in this case, we are not ourselves convinced beyond a reasonable doubt that the Government has proven each element beyond a reasonable doubt.

It should go without saying that a court-martial is a most serious matter, and the requirement for proof beyond a reasonable doubt plays a vital role in the legitimacy of the military justice system. A "society that values the good name and freedom of every individual should not condemn a man for commission of a crime when there is reasonable doubt about his guilt." *In re Winship*, 397 U.S. 358, 363–64 (1970). In the military justice system, where servicemembers accused at court-martial are denied some rights

provided to other citizens, our unique factfinding authority is a vital safeguard designed to ensure that every conviction is supported by proof beyond a reasonable doubt. *See Ex parte Quirin*, 317 U.S. 1, 40–41 (1942) (stating that there is no constitutional right to a trial by jury in courts-martial); *O'Callahan v. Parker*, 395 U.S. 258, 265 (1969) (recognizing differences between courts-martial and civilian criminal proceedings),*overruled on other grounds by Solorio v. United States*, 483 U.S. 435, 440–41 (1987). This authority "provide[s] a source of structural integrity to ensure the protection of service members' rights within a system of military discipline and justice where commanders themselves retain awesome and plenary responsibility." *United States v. Jenkins*, 60 M.J. 27, 29 (C.A.A.F. 2004). Most cases reviewed by this court are deemed factually sufficient. However, in this instance, we simply are not personally convinced that Appellant is guilty of the forcible sodomy offense. Accordingly, we dismiss Specification 1 of Charge III.

*Sentence Reassessment*

Because one of Appellant's convictions has been set aside, we must determine whether we can reassess the sentence, or whether we must order a rehearing. This court has "broad discretion" in deciding to reassess a sentence to cure error and in arriving at the reassessed sentence. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). To reassess the sentence, we must be able to reliably conclude that, in the absence of error, the sentence "would have been at least of a certain magnitude," and the reassessed sentence must be "no greater than that which would have been imposed if the prejudicial error had not been committed." *United States v. Sales*, 22 M.J. 305, 307, 308 (C.M.A. 1986). We must be able to determine this to a "degree of certainty." *United States v. Eversole*, 53 M.J. 132, 134 (C.A.A.F. 2000); *see also United States v. Taylor*, 51 M.J. 390, 391 (C.A.A.F. 1999) (holding we must be able to reach this conclusion "with confidence"). "The standard for reassessment is not what would be imposed at a rehearing but what would have been imposed at the original trial absent the error." *United States v. Taylor*, 47 M.J. 322, 325 (C.A.A.F. 1997); *see also United States v. Davis*, 48 M.J. 494, 495 (C.A.A.F. 1998) (holding no higher sentence than that which would have been imposed by the trial forum may be affirmed). A reassessed sentence "must be purged of prejudicial error and also must be 'appropriate' for the offense[s] involved" based on our sentence approval obligation under Article 66(c), UCMJ. *Sales*, 22 M.J. at 308.

In determining whether to reassess a sentence or order a rehearing, we consider the totality of the circumstances, including certain illustrative, but not dispositive, factors: (1) dramatic changes in the penalty landscape and exposure, (2) the forum, (3) whether the remaining offenses capture the gravamen of the criminal conduct included within the original offenses, (4) whether significant or aggravating circumstances remain admissible and relevant, and (5) whether the remaining offenses are the type with which we as appellate judges have the experience and familiarity to reliably determine what sentence

would have been imposed at trial by the sentencing authority. *Winckelmann*, 73 M.J. at 15–16.

There is no longer a finding that Appellant forcibly sodomized a fellow Airman and there is no longer a maximum sentence that includes confinement for life without eligibility for parole and a dishonorable discharge. Instead, the panel would have been sentencing Appellant for being willfully derelict in the performance of his duties when he used his position to view the medical records of another Airman on several occasions.[4] This offense carries a maximum sentence of a bad-conduct discharge, confinement for 6 months, forfeiture of all pay and allowances, and reduction to E-1. Thus, the sentencing landscape has changed significantly as a result of our decision, which generally gravitates away from our ability to reassess the sentence, as does the fact that Appellant was sentenced by a panel. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003); *Winckelman*, 73 M.J. at 14. The remaining dereliction offense does not relate to or capture the gravamen of the set aside charge, and no significant or aggravating circumstances regarding the sexual incident remain admissible. This offense, however, is of the type that we have experience and familiarity with as appellate judges. Considering the totality of the circumstances of this case, including the factors elucidated in *Winckelmann*, we are confident we can reassess the sentence.

Based on Appellant's convictions for forcible sodomy and willful dereliction of duty, the panel sentenced Appellant to a dishonorable discharge, confinement for 6 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. In this case, the totality of the circumstances leads us to conclude that we can reassess the sentence to affirm only so much as provides for reduction to E-1, forfeiture of $1,000 pay per month for two months, and a reprimand. We can confidently and reliably determine that, absent the error, the sentence adjudged by the members would have been at least that magnitude.

*Conclusion*

Specification 1 of Charge III and Charge III are dismissed. The findings of guilty as to Charge I and its specification are affirmed. As so modified, the finding is correct in law and fact.[5]

We affirm only so much of the sentence as provides for reduction to E-1, forfeiture of $1,000 pay per month for two months, and a reprimand. All rights, privileges, and property of which Appellant has been deprived by virtue of that portion of

---

[4] In his guilty plea inquiry, Appellant did not state how many times he accessed NT's records. Evidence introduced during the litigated trial indicated her records were accessed on five occasions for a total of nine minutes.

[5] In the promulgating order, Specification 3 of Charge II erroneously provides the complainant's initials rather than her full name. Although we find Appellant is not entitled to any relief given he suffered no material prejudice from the error, we direct completion of a corrected promulgating order.

the findings and sentence set aside by this decision are ordered restored. *See* Articles 58b(c) and 75(a), UCMJ, 10 U.S.C. §§ 858b(c), 875(a).

The findings, as modified, and the sentence, as reassessed and modified, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings, as modified, and the sentence, as reassessed and modified, are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court