# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38834 (rem)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Dorian K. OWENS**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 8 August 2017

————————————

*Military Judge:* L. Martin Powell (arraignment); Matthew P. Stoffel.

*Approved sentence:* Dishonorable discharge, confinement for 35 years, and reduction to E-1. Sentence adjudged 3 March 2015 by GCM convened at Malmstrom Air Force Base, Montana.

*For Appellant:* Captain Patrick A. Clary, USAF.

*For Appellee:* Major Clayton H. O'Connor, USAF; Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire.

Before HARDING, SPERANZA, and C. BROWN, *Appellate Military Judges.*

Senior Judge HARDING delivered the opinion of the court, in which Judge SPERANZA and Judge C.BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HARDING, Senior Judge:

Contrary to Appellant's pleas, a panel of officer members convicted Appellant of rape, sexual assault, and abusive sexual contact, all in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1] These offenses were committed against three different women: JS (rape by unlawful force), SR (sexual assault when the other person is incapable of consenting due to impairment by an intoxicant), and Staff Sergeant (SSgt) LF (abusive sexual contact by causing bodily harm). The Government also charged Appellant with two additional specifications of sexual assault arising out of the same underlying criminal conduct against JS (sexual assault by causing bodily harm) and SR (sexual assault by causing bodily harm). These respective specifications were charged in the "alternative" to the rape and sexual assault offenses that Appellant was charged with and convicted of at trial. The panel found Appellant not guilty of both "alternative" specifications.[2] Appellant was sentenced to a dishonorable discharge, 35 years of confinement, total forfeiture of pay and allowances, and reduction to E-1. The convening authority approved the sentence as adjudged, with the exception of total forfeiture of pay and allowances. Mandatory forfeitures of pay were waived to the maximum extent for the benefit of Appellant's spouse and children.

## I. BACKGROUND

This court issued a decision affirming the convictions for the sexual assault of SR and the abusive sexual contact of SSgt LF but found the evidence supporting the conviction for the rape of JS factually insufficient.[3] *United States v. Owens*, No. ACM 38834, 2016 CCA LEXIS 757 (A.F. Ct. Crim. App. 16 Dec.

---

[1] The panel acquitted Appellant of one specification of attempted abusive sexual contact of SSgt LF in violation of Article 80, UCMJ, 10 U.S.C. § 880.

[2] During the initial Article 39(a), UCMJ, 10 U.S.C. § 839(a), trial counsel made the alternative charging explicit for the military judge and the Defense. Based on that representation by trial counsel, trial defense counsel decided it did not need to raise motions to dismiss those specifications for multiplicity or unreasonable multiplication of charges. During his preliminary instructions, the military judge informed the panel of the alternative charging. Pertinent to the issues on appeal and now on remand, in his findings instructions the military judge advised the members as follows: "Specification 4 of Charge II and the Specification of the Additional Charge are charged in the alternative. Therefore, *you may find the accused guilty of one but not both of those specifications*." (Emphasis added.)

[3] We determined the evidence factually insufficient for rape due to a lack of evidence that Appellant used physical strength sufficient to overcome, restrain, or injure JS.

2016) (unpub. op.). We were nonetheless convinced beyond a reasonable doubt that Appellant committed a non-consensual sexual act with JS by causing bodily harm and approved a finding of guilt for the lesser included offense[4] of sexual assault as charged by the Government in Specification 4 of Charge II. We reassessed the sentence to a dishonorable discharge, confinement for 30 years, and reduction to E-1.

Our superior court granted Appellant's petition for review of the following issue:

> WHETHER THE COURT OF CRIMINAL APPEALS VIO-
> LATED APPELLANT'S FIFTH AMENDMENT RIGHT
> AGAINST DOUBLE JEOPARDY WHEN IT AFFIRMED A
> CONVICTION FOR THE LESSER-INCLUDED OFFENSE OF
> SEXUAL ASSAULT BY BODILY HARM, WHEN APPELLANT
> WAS CHARGED WITH THAT SAME OFFENSE AT TRIAL
> AND ACQUITTED BY A PANEL OF OFFICERS.

*United States v. Owens*, 76 M.J. 168, 169 (C.A.A.F. 2017).

By summary disposition, our superior court reversed this court's decision as to Specification 4 of Charge II, set aside the finding of guilty, and dismissed the specification. The remaining findings were affirmed and the record was returned to The Judge Advocate General of the Air Force for remand to this court. The remand stated that this "court may reassess the sentence based on the affirmed findings." *Id.* Examining the entire case and applying the considerations set out in *United States v. Winckelmann*, 73 M.J. 11, 15–16 (C.A.A.F. 2013), we are able to reliably determine to our satisfaction that Appellant's sentence would have been at least a certain severity based on the remaining convictions. We assess that the panel would have imposed a sentence not less than a dishonorable discharge, confinement for 20 years, and reduction to E-1.

---

[4] Sexual assault committed by causing bodily harm is a lesser included offense of rape charged as committed by unlawful force. *See United States v. Alston,* 69 M.J. 214, 216 (C.A.A.F. 2010) (holding that an act of force sufficient for rape at a minimum includes an offensive touching that satisfies the bodily harm element of aggravated sexual assault). Although Article 120, UCMJ, has been amended since *Alston* was decided and Appellant was charged under the current version, the logical and legal relationship between "unlawful force" and "bodily harm" under Article 120, UCMJ, remains the same. Accordingly, we sought to exercise our authority under Article 59(b), UCMJ, 10 U.S.C. § 859(b), to approve a finding of guilt for the lesser include offense of sexual assault as originally charged by the Government in Charge II, Specification 4 (the alternative charging of sexual assault against SR).

## II. DISCUSSION: SENTENCE REASSESSMENT

This court has "broad discretion" in deciding to reassess a sentence to cure error, as well as arriving at the reassessed sentence. *Id. at* 12. To reassess the sentence, we must be able to reliably conclude that, in the absence of error, the sentence "would have been at least of a certain magnitude," and the reassessed sentence must be "no greater than that which would have been imposed if the prejudicial error had not been committed." *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A. 1986). We must be able to determine this to a "degree of certainty." *United States v. Eversole*, 53 M.J. 132, 134 (C.A.A.F. 2000); *see also United States v. Taylor*, 51 M.J. 390, 391 (C.A.A.F. 1999) (holding we must be able to reach this conclusion "with confidence"). "The standard for reassessment is not what would be imposed at a rehearing but what would have been imposed at the original trial absent the error." *United States v. Taylor*, 47 M.J. 322, 325 (C.A.A.F. 1997); *see also United States v. Davis*, 48 M.J. 494, 495 (C.A.A.F. 1998) (holding no higher sentence than that which would have been imposed by the trial forum may be affirmed). A reassessed sentence "must be purged of prejudicial error and also must be 'appropriate' for the offense[s] involved" based on our sentence approval obligation under Article 66(c), UCMJ. *Sales*, 22 M.J. at 308 (quoting Article 66(c), UCMJ, 10 U.S.C. § 866(c)).

Appellant avers that a rehearing on sentence is warranted. The Government counters that this court should reassess the sentence based on the affirmed findings. In determining whether to order a rehearing or reassess a sentence, we consider the totality of the circumstances, including the following illustrative, but not dispositive, factors: (1) dramatic changes in the penalty landscape and exposure, (2) the forum, (3) whether the remaining offenses capture the gravamen of the criminal conduct included within the original offenses, (4) whether significant or aggravating circumstances remain admissible and relevant, and (5) whether the remaining offenses are the type with which we, as appellate judges, have the experience and familiarity to reliably determine what sentence would have been imposed at trial by the sentencing authority. *Winckelmann*, 73 M.J. at 15–16. The facts upon which Appellant's remaining convictions rest are detailed in our previous opinion. *Owens*, unpub. op. Examining the entire case and applying the considerations set out in *Winckelmann*, we are able to reliably determine to our satisfaction that Appellant's sentence to confinement would have been at least 20 years based on his remaining convictions. *Winckelmann*, 73 M.J. at 13, 16.

Two of these factors—change in penalty landscape and forum—weigh against reassessment. The penalty landscape has dramatically changed from when Appellant was initially sentenced. At that time, when he was convicted of raping JS, Appellant faced a maximum punishment of confinement for life without the possibility of parole. Because the members found Appellant not

guilty of the "alternative specification," and this court found the evidence supporting the rape conviction factually insufficient, Appellant is no longer convicted of any offense committed against JS. The maximum imposable sentence to confinement for the remaining offenses of sexual assault of SR and abusive sexual contact of SSgt LF is 37 years. While this is a significant reduction, this factor alone does not automatically dictate a sentence rehearing. *See id.* at 13, 16 (holding that it was not an abuse of discretion to reassess the sentence where the maximum amount of confinement decreased from 115 years to 51 years). We also recognize Appellant's forum choice weighs against reassessment.

The remaining factors weigh in favor of reassessment. The remaining convictions capture the gravamen of Appellant's criminal conduct—sexual offenses against multiple victims. Furthermore, Appellant remains convicted of the most aggravating and disturbing offense: the sexual assault of SR. Appellant happened upon an impaired stranger and, under the guise of chivalry, convinced her to permit him to get her home safely. Appellant's true purpose, however, was later revealed when SR woke up to him choking and penetrating her. Finally, this court has extensive experience reviewing cases involving sex crimes and, as such, we are cognizant of the types of punishment and range of sentences imposed for the offenses of which Appellant is convicted.

In consideration of the factors discussed above, we conclude that we can reassess the sentence. We are satisfied that based on the totality of the circumstances surrounding the remaining convictions, the panel would have imposed a sentence not less than a dishonorable discharge, confinement for 20 years, and reduction to E-1.

We have also concluded the reassessed sentence is appropriate. We assess sentence appropriateness by considering Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all matters contained in the record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (2007). Appellant's sexually charged criminal acts against two different victims convince us the reassessed sentence is not inappropriately severe.

## III. CONCLUSION

The sentence as reassessed is correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the sentence, as reassessed, is **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court